**238**     PEOPLE ex rel. O'CONNOR *v.* BRADY.

First Department, March Term, 1900.                [Vol. 49.

The People of the State of New York ex rel. Cornelius. O'Connor, Respondent, *v.* Thomas J. Brady, Commissioner of Buildings for the Boroughs of Manhattan and The Bronx, in the Department of Buildings in the City of New York, Appellant.

*Civil service — removal of an inspector of buildings in New York city without a hearing — application of the Veteran Act of 1896 — rights of a veteran determined as of the date of his removal — effect of general upon local acts.*

Where an inspector of buildings in the city of New York, who was suspended without pay on January 4, 1896, and finally removed on December 30, 1897, without charges or a hearing, served a notice on February 11, 1898, demanding his reinstatement, and no attention being paid to this, on April 19, 1898, served a second notice, in which he claimed his privilege as a veteran of the Civil war, a motion for a writ of mandamus to compel his reinstatement, made May 9, 1898, will not be denied upon the ground of *laches.*

The Veteran Act of 1896 (Chap. 821), as applied to the department of buildings in the city of New York, operated to repeal section 514 of the Consolidation Act (Laws of 1882, chap. 410, as amd. by Laws of 1892, chap. 275, § 42), under which the superintendent of buildings had power in his discretion to remove, without charges or a hearing, an inspector of buildings, whether he was a veteran or not.

*Semble,* that the status and rights of a veteran, illegally removed from his position, are fixed and determined by the act in force at the time of his removal, and are not affected by subsequent statutes.

The rule governing the construction of general acts as regards their effect upon local laws, laid down.

Appeal by the defendant, Thomas J. Brady, commissioner of buildings for the boroughs of Manhattan and The Bronx, in the department of buildings in the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of June, 1898, granting the relator's motion for a peremptory writ of mandamus requiring the defendant to reinstate the relator in the position of inspector of buildings in the department of buildings of the city of New York.

The motion upon which the order appealed from was made was. noticed for May 9, 1898.

*Eugene Otterbourg,* for the appellant.

*Louis J. Grant,* for the respondent.

O'BRIEN, J.:

The relator was appointed an inspector of buildings on the 15th of January, 1892, and was subsequently transferred from the fire department to the department of buildings. He was examined as to his qualifications for the position of inspector of buildings and a certificate furnished him qualifying him for such position on June 17, 1892, and he continued in that department while Thomas J. Brady was superintendent of buildings. On March 26, 1895, Mr. Brady was succeeded by Mr. Stevenson Constable, who continued to hold the position of commissioner of buildings until the 31st of December, 1897. From the records of the department of buildings, it appears that while Mr. Constable was superintendent, he suspended the relator on January 4, 1896, from duty as inspector, without pay, and finally, on December 30, 1897, removed him from his position without preferring charges or giving him a hearing. On February 11, 1898, the relator served a notice demanding to be reinstated in his position; and no attention having been paid to this, he served a second notice on April 19, 1898, in which he based his claim upon the ground that he was a veteran of the late war of the Rebellion.

We do not think that the relator was guilty of *laches;* for, though suspended in 1896, he was not removed till December, 1897, and within two months he served the first, and within four months the second notice, claiming his right to a preference and his privilege as a veteran. There remains, however, the question as to whether he was entitled to be reinstated.

Section 514 of the Consolidation Act of 1882 (Chap. 410), as amended by section 43, chapter 275 of the Laws of 1892, provides as follows: "Any inspector of buildings, for any neglect of duty * * * may be punished * * * by suspension from duty, with or without pay; but this provision shall not be deemed to abridge the right of said superintendent to remove or dismiss any inspector of buildings from the service of said department at any time in his discretion." This court has considered this provision in several cases, holding that the veteran acts in force prior to 1896 did not apply to the department of buildings, and that the superintendent or commissioner had the power, in his discretion, to remove, without charges and without a hearing, an inspector, be he a veteran

or not. (*Matter of Whitney,* 9 App. Div. 621; *People ex rel. Williams* v. *Constable,* 12 id. 628.) These cases followed *People ex rel. Lee* v. *Waring* (1 App. Div. 594). Subsequently, and by chapter 821 of the Laws of 1896 (amending chapter 312 of the Laws of 1884), the Legislature enacted provisions respecting the employment and removal of honorably discharged Union soldiers and sailors in the public service of the State of New York, in terms applicable to every department in the State. The 1st section of this act provides as follows : " In every public department, and upon all public works of the state of New York, and of the cities, counties, towns and villages thereof, and also in noncompetitive examinations under the civil service rules, laws or regulations of the same, \* \* \* honorably discharged Union soldiers, sailors and marines shall be preferred for appointment, employment and promotion. \* \* \* And no person holding a position by appointment or employment in the state of New York or of the several cities, counties, towns or villages thereof, and receiving a salary or per diem pay \* \* \* shall be removed from such position or employment except for incompetency or misconduct shown, after a hearing upon due notice, upon the charge made, and with the right to such employee or appointee to a review by writ of certiorari. \* \* \*"

The contention that the act of 1896 has no bearing or effect upon the special or local law relating to the department of buildings, cannot be upheld. It is general in its provisions and inconsistent with the local law and is indicative of an intention on the part of the Legislature that it should apply — as its express language states — to " every public department \* \* \* of the state of New York and of the cities, counties, towns and villages thereof." It is unnecessary to devote any time to a discussion of the effect of a general law upon a local one in view of the recent and thorough consideration given that question in *People ex rel. Leet* v. *Keller* (157 N. Y. 90) and in *People ex rel. Fleming* v. *Dalton* (158 id. 175). As said in the latter case, " ' A general statute will repeal special or local acts without expressly naming them, where they are inconsistent with it, and where it can be seen from the whole enactment that it was the intention of the legislature to sweep away all local peculiarities thus sanctioned by special acts and to establish one uniform system.' " (Black Interp. Law, § 153.) " ' There is

no rule of law which prohibits the repeal of a special act by a general one nor is there any principle forbidding such repeal without the use of words declarative of that intent. The question is always one of intention, and the purpose of abrogating a particular enactment by a later general statute is sufficiently manifested when the provisions cannot stand together.'"

Although the particular act here in question was not involved in either of the cases cited, the reasoning is directly applicable as to the effect of a general upon a local law. In *People ex rel. Tate* v. *Dalton* (158 N. Y. 204, 212) it was said that the law of 1896 applies to the city of New York; but apart from cases, it is only necessary to take the language of the act of 1896 to reach a conclusion that its provisions are general and sweeping and that it was intended by the Legislature to have universal application within the State, thus by implication repealing every local law inconsistent with its provisions.

Though the act of 1896 was in express terms repealed by chapter 370 of the Laws of 1899, it will be seen by a reference to sections 20 and 21 of that chapter that the law of 1896 was re-enacted. However, the status and rights of the relator having been fixed and determined prior to the act of 1899, it is unnecessary to consider in what respect, if any, the language of the prior act has been modified or abrogated. (*People ex rel. Leet* v. *Keller, supra.*)

We think the order appealed from was right and should be affirmed, with costs.

Van Brunt, P. J., Rumsey, Patterson and Ingraham, JJ., concurred.

Order affirmed, with costs.