(65 App. Div. 176.)

### PEOPLE ex rel. THAIN v. CONSTABLE.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

OFFICERS—DISCHARGE—VETERANS—STATUTE—CHARGES.

    Laws 1896, c. 821, re-enacted as section 21 of the civil service law (chapter 370, Laws 1899), provides that no honorably discharged Union soldier shall be dismissed from the public service unless charges are preferred. New York City Charter, section 648 (chapter 378, Laws 1897), defining the duties of the commissioner of buildings, enacts that nothing therein contained shall abridge the right of the superintendent to remove any inspector of buildings at any time, in his discretion. *Held*, that City Charter, § 648, does not give the superintendent authority to discharge without charges an inspector of buildings who is an honorably discharged Union soldier.

Appeal from special term, New York county.

Mandamus by the people, on relation of John Thain, against Stevenson Constable, as superintendent of the department of buildings of the city of New York, to compel relator's reinstatement in office as an inspector of buildings. From an order sustaining a demurrer to the alternative writ, relator appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles G. Cronin, for appellant.
Charles J. McCafferty, for respondent.

INGRAHAM, J. The question to be determined depends upon the application of chapter 821 of the Laws of 1896, re-enacted as section 21 of the civil service law (chapter 370, Laws 1899), respecting the removal of honorably discharged Union soldiers and sailors from the positions of inspectors in the department of buildings in the city of New York. That question was presented to this court in

the case of People v. Brady, 49 App. Div. 238, 63 N. Y. Supp. 145. We there held that the veterans' act of 1896 applied, and that the respondent was by that act prohibited from removing an inspector in his department who was a veteran, except as provided for in that act. Counsel for the corporation asks us to review our decision in that case upon the ground that sections 646 and 648 of the New York charter (chapter 378 of the Laws of 1897) were not called to the attention of the court. Section 646 provides that the commissioner of buildings shall possess and exercise all the powers, rights, and duties, and shall be subject to all the obligations, heretofore vested in, conferred upon, or required of the department of buildings or the superintendent of buildings in the city of New York, as theretofore constituted. As the superintendent was by the veterans' act of 1896 restricted as to his power to remove a veteran, the power thus conferred was subject to that restriction. Section 648 defines the duties of the commissioner, and provides that he may punish any employé for any neglect of duty, or omission properly to perform his duty, and "this provision shall not be deemed to abridge the right of said superintendent to remove or dismiss any inspector of buildings from the service of said department at any time in his discretion." We do not think that this provision was intended to override the sweeping restriction in relation to the discharge of a veteran imposed upon all public officers by the veterans' act, the evident intent being that the provision of the charter shall not prevent the superintendent of buildings from removing or dismissing any inspector of buildings or other employé appointed by him. There is nothing in this provision that would take away from veterans in the employ of the department of buildings the protection that is afforded to veterans in the other municipal positions. This provision of the charter was a re-enactment of a provision contained in the act of 1892 which reorganized the department of buildings in the city of New York; and its re-enactment as a provision of the charter indicated no intention on the part of the legislature to repeal or modify the provision of the veterans' act, or to take out of the operation of that act positions in this department which when the charter was adopted were clearly governed by its provisions; and by re-enacting this provision of the act of 1896 giving to veterans the protection against removal in the general law relating to the civil service of the state and cities (chapter 370, Laws 1899) all officers having the power of removal of employés were subject to this restriction. We think, therefore, that the removal of the relator by the commissioner—the facts as stated in the petition and alternative writ being admitted—was invalid, under the veterans' act, in question, and that the relator is entitled to have this removal reviewed by a mandamus, and that the facts stated in this petition are sufficient to entitle the relator to the relief demanded.

It follows that the order appealed from must be reversed, and the demurrer overruled, with leave to the respondent to make a return to the writ, with costs to the appellant in this court and in the court below. All concur.