THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE SCHEEL, Relator, *v.* JOHN GUILFOYLE, Commissioner of Buildings for the Borough of Brooklyn, Respondent.

*Certiorari — not issued to review the discharge of an inspector of buildings in the city of New York, holding his office at the pleasure of the commissioner, who granted him a hearing.*

A writ of certiorari will not issue to review the action of the commissioner of buildings of the borough of Brooklyn in removing, after a hearing upon charges preferred, an inspector of buildings transferred from the building department of the former city of New York, who, by the express terms of section 648 of the Greater New York charter (Laws of 1897, chap. 378), held his office during the pleasure of the commissioner of buildings.

The fact that the commissioner granted the inspector a hearing upon charges preferred against him, when he was not bound to do so, did not make the proceeding a judicial one or confer upon [the inspector any right to a writ of certiorari.

Section 1536 of the Greater New York charter, providing that employees transferred from the service of the former city of New York should continue in the

service of the new municipality, "subject, nevertheless, to removal in accordance with the provisions of this act for cause, or to abolish unnecessary positions," is limited by its terms to those employees of the old city who were not "subject to removal without cause."

CERTIORARI issued out of the Supreme Court and attested on the 8th day of May, 1901, directed to John Guilfoyle, commissioner of buildings for the borough of Brooklyn, commanding him to certify and return to the office of the clerk of the county of Kings all and singular his proceedings in relation to the removal of the relator from the position of inspector in the department of buildings in the borough of Brooklyn.

*Charles M. Stafford,* for the relator.

*William J. Carr,* for the respondent.

WOODWARD, J.:

The relator was an inspector of buildings in the borough of Brooklyn, having been appointed February 10, 1896, and was continued in his position under the provisions of the charter of the city of New York. On April 6, 1901, he was transferred to a new district. He entered upon the discharge of his duties in the new district on April eighth. On April 24, 1901, charges were preferred against him by one Joseph Fee, an inspector, charging the relator with inefficiency, neglect and omission to properly perform his duties as such inspector. The relator was notified to answer such charges and appear for trial on April 29, 1901; he answered, and a hearing or trial was held before the commissioner of the department of buildings on April thirtieth, resulting in the dismissal of the relator, who applied for and obtained a writ of certiorari to review the decision. The relator contends before this court that the charges were not proved on the trial; that the relator could not be dismissed upon false charges; that the proceedings must be conducted in a fair manner, and if the charges are not proven, the dismissal is illegal; that the dismissal of the relator is reviewable by certiorari, which is the only remedy against the injustice done him, etc.

The conclusion reached makes it unnecessary to go into the merits of these questions, and we shall only consider the proposition asserted by the relator that "the dismissal of the relator is reviewable by

certiorari." There is no doubt of the general proposition that certiorari will lie to review a judicial proceeding and determination when there is no remedy by appeal or otherwise, but it is absolutely necessary that there should have been a judicial proceeding and determination before there can be a review of the character here sought. The fact that the commissioner of the department of buildings called the investigation a trial, and that he reached a conclusion, and that he discharged the relator, does not make it a judicial proceeding unless such a proceeding was made necessary by law, and it is here that the relator fails to establish his right to a review. Section 648 of the Greater New York charter (Laws of 1897, chap. 378) provides that each commissioner of buildings " shall, within the borough or boroughs in which he is appointed to exercise administrative jurisdiction, have charge of the administration of, and it shall be his duty, subject to and in accordance with the general rules and regulations established by the board, to enforce such rules and regulations and the provisions of this chapter and of such ordinances as may be established by the municipal assembly and of the laws relating to the construction, alteration or removal of buildings or other structures erected or to be erected within such borough or boroughs. Each commissioner within the limits of his appropriation shall have power to appoint and *at pleasure to remove* subordinate officers, as follows : Such superintendents of buildings, and such inspectors of buildings, engineers, clerks, messengers, assistants and other subordinates as in his judgment may be necessary and proper to carry out and enforce such rules and regulations and ordinances and the provisions of said laws and of this chapter within the borough or boroughs under his jurisdiction. * * * Any employe, for any neglect of duty, or omission to properly perform his duty, for violation of rules, or neglect or disobedience of orders, or incapacity, or absence without leave, may be punished by the commissioner appointing him by forfeiting and withholding pay for a specified time, or by suspension from duty with or without pay ; *but this provision shall not be deemed to abridge the right of said commissioner to remove or dismiss any inspector of buildings or other subordinate appointed by him or by any predecessor in office from the service of the department at any time in his discretion.*"

Surely the intent of the Legislature that the inspector of buildings should hold his place at the pleasure of the appointing power could not be expressed in stronger language, and unless this provision is modified by some clause of the law which is controlling, the commissioner of the department of buildings was not bound to give the relator any hearing whatever, and the fact that he did conduct an inquiry can give the relator no new rights. But it is urged by the relator that, having been inducted into office under the provisions of section 1536 of the Greater New York charter, he can be removed only for cause, and that such cause must be judicially determined. It is necessary, however, to expunge from the section much of its subject-matter if we are to give it the construction contended for by the relator. The section provides: "All the clerical and other subordinate forces, including janitors of public schools, *not subject to removal without cause*, in the public employ in any part of The City of New York, as constituted by this act, at the time when this act takes effect, shall continue to hold their respective positions without prejudice or advantage, except that nothing in this section contained shall operate to keep in the service of The City of New York, as constituted by this act, any clerk or other subordinate whose position is vacated by reason of the passage of this act, and except that the clerks and subordinates of departments that are abolished or reconstructed by this act, under the same or under other names, shall continue in the service of the said city under the jurisdiction of the appropriate department, subject nevertheless to removal in accordance with the provisions of this act for cause, or to abolish unnecessary positions." This clause wholly excludes from consideration those " subject to removal without cause," and section 648, under which the relator has his employment or position, specially provides that he may be removed at pleasure; and for greater certainty it is provided that a clause providing for discipline " shall not be deemed. to abridge the right of said commissioner to remove or dismiss any inspector of buildings or other subordinate appointed by him *or by any predecessor in office* from the service of the department at any time in his discretion." To the same effect is the provision of that clause of section 1536 of the charter which provides : " The head of every department, and every other officer by this act given power to appoint, remove and fix and

regulate the salaries of his subordinates, appointees and employes, shall have power upon assuming office, or at any time thereafter, to remove any person *assigned to service under him by said plan*, and to fix and regulate, within the limits of his appropriation and subject to the restrictions, if any, hereinbefore prescribed, the salaries and compensation of said subordinates, appointees and employes." The effect of these provisions of section 1536 of the charter, which, upon a casual reading, would seem to be inconsistent is that transferred employees not subject to removal without cause, under the provisions of the Veteran Acts, are given the same security of tenure they previously enjoyed. Other subordinates were to continue as before, removable at the pleasure of the appointing power. (*People ex rel. Percival* v. *Cram*, 164 N. Y. 166, 169.)

It cannot be doubted that it is within the power of the Legislature to determine the term of employment of those engaged in the service of the municipality, and it having specifically declared that the inspectors of buildings and other employees in that department shall be subject to removal at the discretion of the appointing power, we are of opinion that the rule of the civil service commission, which undertakes to prescribe a new tenure of office, cannot be controlling in this case, particularly as there is no allegation in the moving papers that the relator comes within any of the provisions of the Veteran Acts.

As the relator held his position subject to the discretion of the commissioner of the department of buildings for the borough of Brooklyn, the trial or hearing must be deemed to have been merely for the satisfaction of the commissioner before whom the hearing was held, and within the determination of a question confided to his discretion by the Legislature we have no concern; it cannot be here reviewed.

The writ of certiorari should be dismissed, with costs.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and SEWELL, JJ., concurred.

Writ of certiorari dismissed, with ten dollars costs and disbursements.