(98 App. Div. 4.)

PEOPLE ex rel. REILLY v. HOFFMAN, Justice of Municipal Court.

(Supreme Court, Appellate Division, First Department. November 11, 1904.)

1. MUNICIPAL CORPORATIONS—MUNICIPAL COURTS—ATTENDANTS—REMOVAL—VETERANS—TRIAL.

  Greater New York Charter, Laws 1901, p. 586, c. 466, § 1373, as amended by Laws 1902, p. 1173, c. 497, authorizes a municipal court justice to remove an attendant on preferring charges and a hearing. Laws 1899, p. 809, c. 370, § 21, as amended by Laws 1902, p. 805, c. 270, declares that no honorably discharged soldier who has served in the Spanish War shall be removed from his position, except for incompetence or misconduct shown after a hearing, etc. *Held*, that such acts should be construed in connection with each other, and hence that a municipal court justice had no power to remove an attendant who was a Spanish War veteran without a hearing on charges.

Certiorari by the people, on the relation of Patrick Reilly, against Benjamin Hoffman, as justice of the Municipal Court of the city of New York in the Fifth District of the borough of Manhattan, to review relator's removal from his position as an attendant upon said court. Removal annulled.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Nelson S. Spencer, for relator.
John J. Delany, for respondent.

HATCH, J. The relator is a resident and inhabitant of the state of New York, residing in the county of New York, and was at the time of his removal from his position an honorably discharged soldier, having served as a private in the Volunteer Army of the United States in the Spanish-American War. Charges were preferred against the relator by the justice of the Municipal Court presiding in the Fifth District. The relator appeared upon the day set for a hearing of the charges, and demanded that the same be made more definite, and also informed the justice that he was a veteran of the Spanish-American War, and was entitled to a trial and hearing before he could be removed. The demand for a hearing and trial was denied, the justice holding that he was only entitled to an opportunity to make an explanation, and beyond that relator had no rights. After hearing relator's explanation, the justice found that it was not satisfactory, and adjudged him

guilty of the charges, and removed him from his position as attendant. The justice assumed to act pursuant to the provisions of section 1373 of the Greater New York Charter, Laws 1901, p. 586, c. 466, as amended by Laws 1902, p. 1173, c. 497. By the provisions of this section, the justice was authorized to remove an attendant and other persons employed about the court upon preferring charges and giving an opportunity for an explanation. No other hearing or trial is provided in the section. This provision of the charter, however, is to be construed in connection with the laws which secure the rights of veterans. By chapter 370, p. 809, Laws 1899 (section 21), as amended by chapter 270, p. 805, of the Laws of 1902, it is provided that no honorably discharged soldier who served in the Volunteer Army during the Spanish War shall be removed from the position or employment held by him, except for incompetence or misconduct shown "after a hearing upon due notice, upon stated charges, and with the right to such employé or appointee to a review by a writ of certiorari." This court has held that this provision of law operates as a restriction upon the power of removal in the case of veterans, even though the authority under the local law to remove is at the discretion of the officer exercising the authority. People ex rel. Thain v. Constable, 65 App. Div. 176, 72 N. Y. Supp. 535; People ex rel. O'Connor v. Brady, 49 App. Div. 238, 63 N. Y. Supp. 145. The fact that the term of the appointment of the relator had expired does not militate against this view. He was not removed for such cause, and he was recognized as properly holding the position by the proceedings which were taken to effectuate his removal. It follows that such removal was without authority of law.

The writ of certiorari should be sustained, the proceedings removing the relator annulled, and the relator reinstated in his position, with $50 costs and disbursements. All concur.