THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM J. McKEON, Respondent, v. ALFRED LUDWIG, as Superintendent of Buildings of the Borough of Manhattan, City of New York, Appellant.

Civil service — New York city — superintendent of buildings may dismiss inspector of buildings in his discretion, subject only to requirements of Civil Service Law.

Except as affected by the requirements of the Civil Service Law, the employees specified in section 406 of the charter of the city of New York (L. 1905, ch. 648) are subject to removal in the discretion of the superintendent of buildings and the exercise of that discretion is not limited by the provisions of section 1543 of said charter (L. 1901, ch. 466). The fact that a hearing was granted did not enlarge the employee's rights or deprive the superintendent of the power in his discretion to dismiss him.

*People ex rel. McKeon* v. *Miller,* 165 App. Div. 219, reversed.

(Argued May 27, 1915; decided June 18, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 30, 1914, which reversed an order of Special Term dismissing an alternative writ of mandamus and directed that a peremptory writ issue commanding the reinstatement of the relator in the position of inspector of masonry and carpentry in the bureau of buildings of the city of New York.

The facts, so far as material, are stated in the opinion.

*Frank L. Polk,* Corporation Counsel (*E. Crosby Kindleberger, Terence Farley* and *Arthur Sweeny* of counsel), for appellant. The dismissal of the relator was not subject to review by the courts. (L. 1901, ch. 466, § 406; L. 1905, ch. 648; *People ex rel. Scheel* v. *Guilfoyle,* 65 App. Div. 498; *People ex rel. Hillman* v. *Scholer,* 94 App. Div. 282; 179 N. Y. 602; *People ex rel. Wilson* v. *Miller,* 150 App. Div. 899.)

*Herbert C. Smyth, Frederic C. Scofield* and *John W. Browne* for respondent. Section 406 of the New York city charter of 1901, as amended by Laws of 1905, chapter 648, does not give the power to remove without cause. (*People ex rel. Thain* v. *Constable,* 65 App. Div. 176.)

SEABURY, J. The relator was an inspector of masonry and carpentry in the bureau of buildings of the city of New York. The position held by him was in the classified civil service in the competitive class. He was removed from that position by the superintendent of buildings under circumstances which it is not necessary to set forth. Although an alternative writ of mandamus was issued and the issues raised by the return to that writ were tried, it is only necessary upon this appeal to determine whether the superintendent of buildings had the right, with or without cause, to remove the relator from his position. If the superintendent of buildings had

the absolute power of removal under section 406 of the
Greater New York charter the other questions insisted
upon below and argued before us need not be discussed.
In determining the question presented we shall assume
that the relator was removed without cause and without
having been given an opportunity to offer an explanation
under section 1543 of the Greater New York charter.
The claim of the appellant that the superintendent of
buildings had the right to remove the relator is based
upon section 406 of the Greater New York charter,
as amended, L. 1905, ch. 648.   That section so far as
material to the matter under consideration provides as
follows:

" Each superintendent of buildings shall have power to
punish any employee, for neglect of duty, or omission to
properly perform his duty, for violation of rules, or neg-
lect or disobedience of orders, or incapacity, or absence
without leave, by forfeiting and withholding pay for a
specified time, or by suspension from duty with or with-
out pay, not exceeding thirty days, or subject to the
requirements of the civil service law remove or dismiss
any inspector of buildings or other subordinate appointed
by him or by any predecessor in office from the service of
the bureau at any time in his discretion.   Any officer or
employee of or in the bureau of buildings of any borough,
or police officer thereto detailed, who shall ask, solicit or
accept or receive any money or other compensation for
enforcing or for modifying or changing any order or
requirement of said bureau shall be guilty of a felony."

The only limitation imposed by this section upon the
discretionary power of the superintendent of buildings to
remove an employee is that imposed by the Civil Service
Law.   This limitation has reference to the Veteran Acts
and removal for political reasons which have no applica-
tion to this case.   (Civil Service Law, sections 21, 23.)
There is no allegation or proof before us that the relator
is within any of the provisions of the Veterans' Act or

that he was removed for political reasons. The first part of section 406 quoted above confers upon the superintendent of buildings the power to punish any employee for the causes therein specified. The part that follows confers upon the superintendent of buildings subject to the requirements of the Civil Service Law the right to dismiss any inspector of buildings or other subordinate "at any time in his discretion." The latter part of this section evidences a legislative intent to confer upon the superintendent of buildings the discretionary power to remove any employee with or without cause subject only to civil service requirements. It is difficult to see how the legislature could have employed other language which would more clearly have denoted this purpose. In opposition to this view the learned counsel for the respondent argues that the phrase "at any time in his discretion" as used in this section should be construed to refer to the time of punishment for the offenses specified in the first part of section 406. In support of this contention it is urged that the present statute omits the words "and at pleasure to remove subordinate officers," etc., which were contained in section 648 of the Greater New York charter of 1897. The history of section 406 seems to us not to bear this interpretation. The subject-matter of that section was formerly governed by section 648 of the Greater New York charter of 1897 (Laws of 1897, ch. 378, sec. 648). That section (648) provided that each commissioner of buildings "shall have the power to appoint and at pleasure to remove subordinate officers, as follows." The section also defined the manner in which an employee might be punished for specified offenses, and provided, "but this provision shall not be deemed to abridge the right of said commissioner to remove or dismiss any inspector of buildings or other subordinate appointed by him or by any predecessor in office from the service of the department *at any time in his discretion.*" Section 648 was the subject of judicial

interpretation, and was held to confer upon the appointing power the right to remove any of the employees specified at pleasure. (*People ex rel. Scheel* v. *Guilfoyle*, 65 App. Div. 498.) The Greater New York charter was revised and amended by chapter 466 of the Laws of 1901. In that revision section 648, with modifications, not necessary to be here mentioned, was substantially re-enacted as section 406. Notwithstanding the provision of this section empowering the superintendent of buildings "to appoint and at pleasure to remove" certain officers, it was held not to deprive a veteran of the protection against removal except upon charges and after a hearing, which was afforded by the Civil Service Law. (*People ex rel. Thain* v. *Constable*, 65 App. Div. 176.) This decision was made in 1901, and in 1905, by chapter 648, section 406 of the Greater New York charter was again amended. This last amendment omitted the words "and at pleasure to remove" and inserted the words "subject to the requirements of the Civil Service Law." Thus, as amended in its present form, the section empowers the superintendent of buildings to remove the employees therein specified "subject to the requirements of the Civil Service Law * * * at any time in his discretion." The reason for the omission of the words "and at pleasure to remove" was to make the first part of the section consistent with the provision inserted by the amendment of 1905 that the power of removal conferred should be "subject to the requirements of the Civil Service Law." The omission of the words "and at pleasure to remove," to which the learned counsel for the respondent attaches significance, was not designed to take away from the appointing power the power of removal "at any time in his discretion," but was intended to make the statute consistent with the limitation to which the legislature subjected the power of the superintendent of buildings by the amendment of 1905. That amendment was intended to give statutory expression to the rule declared in *People ex rel.*

*Thain* v. *Constable* (*supra*). Thus the history of section 406 of the Greater New York charter, instead of supporting the construction urged by the respondent, discloses a contrary legislative intent which is in accord with the interpretation which we have given the statute. Section 1543 of the Greater New York charter prohibiting the removal of an employee without according him an opportunity of making an explanation applies to the cases therein specified " except as otherwise specially provided." The case of a person in the position of the relator is distinctly provided for by section 406 of the Greater New York charter. Under that section the relator was liable to removal in the discretion of the superintendent of buildings, subject only to the requirements of the Civil Service Law. There is no inconsistency between the provisions of sections 406 and 1543 of the charter. Section 1543 has no application to the cases specially provided for in section 406 and the case of the relator falls, as we have already shown, within the special provisions of that section. Except as affected by the requirements of the Civil Service Law the employees specified in section 406 are subject to removal in the discretion of the superintendent of buildings, and the exercise of that discretion is not limited by the provisions of section 1543 of the charter. The legislature having expressly declared that inspectors of buildings under the superintendent of buildings should be subject to removal in the discretion of the superintendent, the hearing accorded the relator, such as it was, must be deemed to have been merely for the satisfaction of the superintendent. (*People ex rel. Scheel* v. *Guilfoyle, supra.*) Certainly the fact that a hearing was given did not enlarge the relator's rights or deprive the superintendent of the power in his discretion to dismiss him. The order of the Appellate Division granting the peremptory writ of mandamus should be reversed, with costs in the Appellate Division and in this court, and the order of the

Special Term dismissing the writ of mandamus should be affirmed.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDE-BACK and CARDOZO, JJ., concur; HOGAN, J., concurs in the opinion of SEABURY, J., that section 406 applies to this case, but dissents from the result on the ground that the question was not raised upon the trial or presented to the Appellate Division, and it cannot be raised for the first time upon appeal to this court.

Order reversed, etc.