Judgment of conviction reversed and new trial granted.

---

In the Matter of the Application of Henry Eisle, Petitioner, for a Certiorari Order against Glenn W. Woodin and Others, Constituting the Board of Police and Fire Commissioners of the City of Dunkirk, New York, and Another, Respondents.

Fourth Department, May 2, 1923.

Public officers — certiorari to review action of board of police and fire commissioners of city of Dunkirk in removing petitioner from his position as patrolman — petitioner is exempt fireman — power of removal given by charter is limited by Civil Service Law, § 22 — charge based on failure to make arrest for illegal sale of intoxicating liquors in presence of petitioner not supported by evidence — petitioner reinstated.

The power of the board of police and fire commissioners of the city of Dunkirk to remove a patrolman in the police department, given to them by the city charter, is, in the case of an exempt fireman, limited by the provisions of section 22 of the Civil Service Law, but it may be assumed that the charge of inefficiency and neglect of duty preferred against the petitioner, an exempt fireman, means the same as incompetency or misconduct, as those words are used in section 22 of the Civil Service Law.

The evidence was not sufficient to sustain the charge of inefficiency and gross neglect of duty based on the alleged failure of the petitioner to arrest the proprietor of a soft drink place for illegally selling intoxicating liquors in the presence of the petitioner, since it was not shown that the petitioner knew that a package which it is alleged contained a bottle of wine, and which was sold by the proprietor of the place in the presence of the petitioner, did contain wine, and furthermore, the evidence leaves it doubtful whether the alleged wine contained a sufficient quantity of alcohol to make the sale of it a violation of law.

Accordingly, the certiorari order should be sustained and the petitioner reinstated.

Certiorari order granted out of the Supreme Court at the Chautauqua Special Term, dated the 3d day of June, 1922, and entered in the office of the clerk of the county of Chautauqua,

directed to Glenn W. Woodin and others, constituting the board of police and fire commissioners of the city of Dunkirk, New York, and Horatio J. Hayes, as clerk of said board, commanding them to certify and return to said clerk's office all and singular their proceedings had in connection with the removal of the petitioner, Henry Eisle, from his position as patrolman in the police department of said city.

*John Leo Sullivan,* for the petitioner.

*Albert E. Nugent,* for the respondents.

CROUCH, J.:

Petitioner became a patrolman in the Dunkirk police department in 1917. He is an exempt fireman. He was charged with neglect of duty " in that he did upon January 21, 1922, suffer and permit liquor for beverage purposes containing more than one-half of one per cent alcohol to be sold in violation of the provisions of the Penal Law." After a hearing he was found " guilty of inefficiency and gross neglect of duty," and was dismissed.

The Dunkirk City Charter (Laws of 1909, chap. 538, § 160, as amd. by Laws of 1917, chap. 637; since amd. by Laws of 1922, chap. 31) provides that the board of police and fire commissioners may appoint policemen who shall hold office during good behavior or until removed by the board; also, that the board may make suitable rules and regulations prescribing the powers and duties of policemen.

The rules provide that policemen must to the utmost of their power prevent crimes about to be committed; and further that they may be suspended or discharged for willful non-compliance with the rules and for inefficiency or gross neglect of duty.

The broad power of removal given by the charter seems to be, in the case of an exempt fireman, limited by the provisions of section 22 of the Civil Service Law. (*People ex rel. Reilly* v. *Hoffman,* 98 App. Div. 4; *People ex rel. Thain* v. *Constable,* 65 id. 176; *People ex rel. McKeon* v. *Ludwig,* 215 N. Y. 389.) This proceeding, therefore, lies. (See, also, Civ. Prac. Act, § 1283 *et seq.*) In dealing with the merits, we may assume that the charge of inefficiency and neglect of duty means the same thing as incompetency or misconduct, as those words are used in section 22 of the Civil Service Law (as amd. by Laws of 1920, chap. 833).

The evidence in support of the charge shows that three boys went into a soft drink place in Dunkirk about eight o'clock on the evening of January 21, 1922. The proprietor was then alone in the place. One of them asked for a bottle of wine. There-

upon the proprietor went into a back room. While he was in the back room the petitioner and another man entered the place. The petitioner went to the toilet for a few minutes, and then returned. Shortly after that the proprietor came out from the back room with a filled bottle which he wrapped in a newspaper under the bar, where nothing could be seen by those in front. Petitioner stood at the south end of the bar; the others at the north end. The distance between was ten feet. The wrapped bottle was placed on the bar. The proprietor requested two dollars, which was paid by the boy who ordered the wine. Nothing appears as to the tone of voice in which the request for payment was made, nor, indeed, exactly what was said. The boys then went out, and two of them drank the entire contents of the bottle in a neighboring alley. They testified that it tasted like port wine. One of the boys said he got just a little effect from it; the other said he got none. Petitioner says that he saw a package handed to the boys but did not see what was in the package. He further says that nothing was said about what was in the package, nor did he hear the proprietor ask the boy for two dollars. He said he paid no attention to the matter; that he was off duty for the night with the permission of the sergeant.

This evidence is insufficient to sustain the charge. A complaint by petitioner based thereon would have been insufficient for the issuance of a search warrant. (*Matter of Search for and Seizure of Liquors*, 204 App. Div. 185.) Had he made an arrest, as for a crime committed in his presence, he would have acted at his peril. Unless subsequent examination disclosed an excess of alcohol, he might have been personally liable for false arrest. The evidence leaves it doubtful whether there was in fact an excess of alcohol, and hence whether any crime was committed in petitioner's presence. Even though he be held to have known whatever facts could be fairly inferred from what he saw and heard, he was chargeable only with an error of judgment. Dismissal from the force under these circumstances is unwarranted. If the real reason for the dismissal was something outside of and behind the evidence in the record, it does not help the respondents here.

The order of certiorari should be sustained, the determination of the board of police and fire commissioners annulled, and petitioner reinstated, with fifty dollars costs and disbursements.

All concur.

Order of certiorari sustained, determination of the board of police and fire commissioners annulled, and petitioner reinstated, with fifty dollars costs and disbursements.