PEOPLE ex rel. BEAN v. CLAUSEN, Com'r.

(Supreme Court, Appellate Division, First Department. April 20, 1900.)

MANDAMUS—REINSTATEMENT IN OFFICE—ALLEGATIONS OF WRIT—DEMAND FOR REINSTATEMENT—DEMURRER—RELATOR'S RIGHTS PURPOSELY INFRINGED.

An alternative writ of mandamus to compel relator's reinstatement in the office of superintendent of the Aquarium alleged that respondent, as commissioner of parks of the borough of Manhattan, colorably abolished such office, which relator was holding, and thereafter created an office known as "Commissioner of Small Parks," the incumbent of which was performing the duties formerly performed by relator, and that such change in the title of the office was in order to deprive relator of the office, and because respondent knew that relator was a veteran of the Civil War, and as such could only be removed for incompetency or misconduct, after a hearing on charges made. Held, that the writ was not demurrable as not stating a cause of action, in that it failed to allege that relator had demanded reinstatement, since the writ did not show the removal to have been made in ignorance of the rights of relator, and there was no reason to believe that a demand would have been complied with.

Appeal from special term, New York county.

Mandamus by the people, on the relation of Tarleton H. Bean, against George C. Clausen, as commissioner of parks of the boroughs of Manhattan and Richmond, to compel relator's reinstatement in the office of superintendent of the Aquarium. From an interlocutory judgment overruling a demurrer, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-LIN, PATTERSON, and O'BRIEN, JJ.

John Whalen, Corp. Counsel, for appellant.
Robert E. L. Lewis, for respondent.

RUMSEY, J. This is an appeal from an interlocutory judgment overruling a demurrer to an alternative writ of mandamus. The allegations of the writ are: That the relator is a citizen of this state, and of the county of New York, and that he is a veteran of the Civil War. In 1895 he underwent a competitive examination for the position of superintendent of the Aquarium, and, having

been found eligible, he was duly appointed to that place, which he held until he was discharged by a colorable abolition of the office in April, 1898. The defendant became a member of the. department of parks of the city of New York, and as such was commis-sioner of parks in the boroughs of Manhattan and Richmond from the 1st of January, 1898. He had actual knowledge that the relator was a veteran of the Civil War. As such, the relator was entitled to be protected from removal from his office, except for incompetency or misconduct, after a hearing upon charges made. The writ contained further allegations to the effect that in April, 1898, the defendant commissioner announced that the office of superintendent of the Aquarium, held by the relator, was abolished, and consequently the relator was removed from his office. It is stated that immediately after that time the commissioner created an office known as "Superintendent of Small Parks," and appointed a person to fill it. The writ further alleges that the office of the superintendent of the Aquarium was not abolished in good faith, but that the name of the office was changed solely as a means of evading the laws of the state of New York relating to veterans, and to bring about the removal of the relator from his office, to enable the commissioner to appoint some other person in his place, and that the action of the commissioner was taken purely for that reason, and not in good faith, to promote economy in the administration of the department by abolishing the office. The command of the writ is that the relator be reinstated in the office of the superintendent of the Aquarium, and that the commissioner show cause why such action should not be taken.

The writ was demurred to upon the ground that it failed to show a cause of action, because it does not contain any allegation that before suing out the writ the relator demanded that the defendant reinstate him in his office. Where a removal has been made because of a mistake of the fact, or in ignorance of the rights of the one removed, and under such circumstances as to give rise to the presumption that there was no intention to infringe those rights or to deprive him improperly of his office, a writ of mandamus will not be granted to reinstate him unless a demand has been made upon the removing officer to reinstate the one removed, upon the facts being stated to him as to which he was ignorant or mistaken. People v. Cruger, 12 App. Div. 536, 42 N. Y. Supp. 398. But that rule does not apply in a case where it is alleged that the defendant took his action with knowledge of the fact that what he did was illegal, and solely for the purpose of bringing about the removal of the officer in an illegal way. When it appears that his act was colorable, and was such as the statute did not permit him to perform, and it was done solely for the purpose of accomplishing something which he was not at liberty to do, and there is no reason to believe that upon a demand he would reinstate the removed person to his office, then no demand is necessary. In a case like this, where he has actually taken steps to abolish an office, and when the allegation is that these steps were taken in bad faith, there certainly can be no presumption that any demand upon him would induce him to change the action

which he has taken. In such cases, therefore, no demand is neces-
sary; and the interlocutory judgment was correct, and should be af-
firmed, with costs, with leave to the defendant to withdraw his de-
murrer and answer upon payment of costs in this court and in the
court below. All concur.