PEOPLE ex rel. VINEING v. HAYES, Fire Com'r.

(Supreme Court, Appellate Division, First Department. December 3, 1909.)

1. MUNICIPAL CORPORATIONS (§ 198*)—FIRE DEPARTMENT—REMOVAL OF EMPLOYÉ—SUSPENSION.

The action of the fire commissioner of New York City in abolishing a position in the department filled by an exempt volunteer fireman does not discharge him absolutely; but under Greater New York Charter (Laws 1901, p. 636, c. 466) § 1543, it operates to suspend him without pay for a year, within which time he remains eligible according to his original ranking on the civil service list for appointment to a similar position.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 541, 542; Dec. Dig. § 198.*]

2. MANDAMUS (§ 14*)—CONDITIONS PRECEDENT—DEMAND AND DEFAULT.

An exempt volunteer fireman holding a position in the fire department of the city of New York, who protested against the action of the commissioner of the department in abolishing the position, sufficiently demanded his reinstatement to authorize him to maintain mandamus to compel reinstatement, based on the allegation of bad faith on the part of the commissioner in abolishing the office.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 45, 46; Dec. Dig. § 14.*]

3. MUNICIPAL CORPORATIONS (§ 198*)—FIRE DEPARTMENT—REMOVAL OF EMPLOYÉS—HEARING.

The commissioner of the fire department of the city of New York may not, without a hearing, abolish a position in the department filled by an exempt volunteer fireman for the sole purpose of removing him.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 541; Dec. Dig. § 198.*]

4. MANDAMUS (§ 168*)—REINSTATEMENT OF EMPLOYÉ—BURDEN OF PROOF.

In mandamus to compel the reinstatement of relator to a position in the fire department of New York City, abolished by the commissioner of the department, on the grounds that the relator was an exempt volunteer fireman, and that the commissioner acted in bad faith in abolishing the position, he has the burden of proving the facts.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 372; Dec. Dig. § 168.*]

5. MANDAMUS (§ 168*)—REINSTATEMENT OF EMPLOYÉ—BURDEN OF PROOF.

To justify the granting of mandamus to compel the reinstatement of an exempt volunteer fireman to a position in the fire department of New York City abolished by the commissioner on the ground that the commissioner acted in bad faith in abolishing it, it must appear that the abolishment of the position was not real, and that some person or persons had subsequently been appointed to perform all or part of the same duties,

———————

and it is not sufficient to merely show that the commissioner had abolished the office with a view of removing the incumbent.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 372; Dec. Dig. § 168.*]

6. MUNICIPAL CORPORATIONS (§ 198*)—MEMBER OF VOLUNTEER FIRE DEPARTMENT—SUSPENSION.

A resident of Brooklyn joined a volunteer fire department on Staten Island, and continued a member for about three years, until the company disbanded. At the time the company disbanded, it had one hose cart and over 500 members. He admitted that one of his reasons for joining the company was the exemption it would afford him. During the time, he was a paid member of the fire department of New York City. He never had any property on Staten Island and maintained a telephone at his house in Brooklyn to let him know when a fire broke out in Staten Island. *Held* to show that he did not join the company in good faith with the intention of performing services therein, and that he was not entitled to the protection accorded a volunteer fireman.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 540; Dec. Dig. § 198.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Henry E. Vineing, prosecuted after his death by Mary K. Vineing, as administratrix, against Nicholas J. Hayes, as Commissioner of the Fire Department of the City of New York, to compel the reinstatement of the original relator. From an order directing the issuance of a peremptory writ of mandamus and from an order denying a motion for a new trial on the issues raised by an alternative writ and return thereto, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Terence Farley, for appellant.
Julius M. Mayer, for respondent.

McLAUGHLIN, J. Henry E. Vineing, the original relator in this proceeding, was, about the 1st of July, 1903, duly appointed electrical engineer in the fire department of the city of New York, and he thereafter entered upon the performance of his duties as such, having previously served as inspector of fire alarm boxes. In July, 1906, John H. O'Brien, commissioner of the fire department, abolished the position of electrical engineer and discharged Vineing, who immediately protested that the action of the commissioner was in violation of section 1543 of the Greater New York Charter (Laws 1901, p. 636, c. 466), and section 21 of the Civil Service Law (Laws 1899, p. 809, c. 370, as amended by Laws 1904, p. 1694, c. 697), since he was an exempt volunteer fireman. Thereafter, for the same reason, he requested O'Brien to appoint him to the position of superintendent of fire alarm telegraph, and subsequently made a similar request to Francis J. Lantry, who succeeded O'Brien as commissioner. His requests were unavailing, and he thereupon obtained an alternative writ of mandamus to compel the commissioner of the fire department to either reinstate him as electrical engineer, or appoint him superintendent of fire alarm telegraph, on the ground that the position formerly held by him had been abolished

solely for the purpose of removing him, and, being an exempt volunteer fireman, he could not be removed without a hearing. Upon the trial of the issues raised by the return to the writ, the jury found that Vineing was an exempt volunteer fireman, and that the position of electrical engineer had been abolished by the commissioner in bad faith. A motion for a new trial was denied, and an order made directing the issuance of a peremptory writ commanding the commissioner of the fire department to reinstate Vineing to the position of electrical engineer. The appeal is from both orders. Prior to the trial the present appellant became fire commissioner in place of Lantry and was substituted as a party. Since the trial Vineing has died, and his administratrix c. t. a. has been substituted in his place.

Assuming that Vineing was an exempt volunteer fireman, the effect of the commissioner's action in abolishing the position which he held was not to discharge him absolutely, but, instead, under section 1543 of the Greater New York Charter, to suspend him without pay for a year, within which time he remained eligible according to his original ranking upon the civil service list for appointment to a similar position. It was upon this theory, apparently, that he asked to be appointed superintendent of fire alarm telegraph. It seems that this position had never been regularly created, or at least no one up to the time of the trial had been appointed to fill the same, and for this reason his demand for this relief was expressly withdrawn at the trial. The appellant contends that, having asked for this appointment, he was not entitled to maintain this proceeding to be reinstated as electrical engineer because he had made no demand for such relief prior to the commencement of the proceeding. People ex rel. O'Brien v. Cruger, 12 App. Div. 536, 42 N. Y. Supp. 398; People ex rel. McDonald v. Clausen, 50 App. Div. 286, 63 N. Y. Supp. 993; People ex rel. Taylor v. Welde, 61 App. Div. 580, 70 N. Y. Supp. 869. He had, however, protested against the abolishment of the position which he held, and I think this was sufficient. Moreover, the proceeding is based upon the allegation of bad faith upon the part of the commissioner in removing him, and for this reason no demand was necessary. People ex rel. Bean v. Clausen, 50 App. Div. 324, 63 N. Y. Supp. 1064.

The question presented depends for its solution upon the determination of the fact as to whether or not Vineing at the time was an exempt volunteer fireman. If he was, then he could be removed only after a hearing, which he did not have. The fact is not disputed that the commissioner had the power to abolish the position of electrical engineer; but, while he had this power, he could not legally exercise it for the sole purpose of removing Vineing without a hearing. People ex rel. Corrigan v. Mayor, 149 N. Y. 215, 43 N. E. 554; People ex rel. Shields v. Scannell, 48 App. Div. 69, 62 N. Y. Supp. 682; People ex rel. Bean v. Clausen, supra; Matter of Jones v. Willcox, 80 App. Div. 167, 80 N. Y. Supp. 420. The burden of proof, of course, was upon the relator to show not only that he was an exempt volunteer fireman, but that the commissioner acted in bad faith in abolishing the position. I do not think in either respect he sustained this burden. At the trial it appeared that, after Vineing's removal, the

commissioner proposed to establish a new position, called "superintendent of fire alarm telegraph," the duties of which it is claimed were similar to those of electrical engineer. Such position, however, was not established, and, although the salary list and number of employés in the department were thereafter increased, it does not clearly appear that any of the new employés performed work similar to that which Vineing did prior to his removal. If the position of electrical engineer was not a necessary one, then it was the duty of the commissioner to abolish it, and if there was no work for Vineing to do, or if his work could be divided among others then employed, it was also his duty, in the interest of economy, to abolish it. In any event, to entitle the relator to the relief asked, he had to establish the contrary. The fact that the commissioner was willing or desired to be rid of the services of Vineing is of no importance if either of the other facts existed; that is, that there was nothing for him to do, or the services which he was performing could be performed by others then employed.

It seems to me therefore that the court erred in charging the jury, in substance, that they might find the position had been abolished in bad faith if the commissioner acted with a view to removing the relator. The charge in this respect should have been qualified by stating to the jury that they must also find, in that event, that the abolishment of the position was not real, and that some person or persons had thereafter been appointed to perform all or part of the same duties.

I am also of the opinion that the finding that Vineing was an exempt volunteer fireman was not warranted by, but was against, the evidence. The evidence which it is claimed established that fact is, in substance, this: In October, 1902, he became a member of Union Hose Company No. 8, North Shore Fire Department on Staten Island, and continued to be such member until the company disbanded in 1905. At the time it disbanded, it had simply one hose cart and over 500 members. It is perfectly obvious that this company was not organized or maintained in good faith, but solely for the purpose of claiming the statutory exemption. Vineing frankly admitted, while being examined as a witness, that one of his reasons for joining the company was the exemption it would afford him, and the only fair inference which can be drawn from the evidence bearing on that subject is that that was his only motive. During all the time which he claims to have been a member, he was a paid member of the fire department of the city of New York. From July, 1902, until the end of the year 1903, most of the service which he rendered, and for which he was paid in connection with the New York fire department, was on Staten Island. Soon after he commenced work there, he boarded for some three weeks at the home of one Willis, which was the address he gave when he joined that company. He never had any property on Staten Island, and during all the time he claimed he was a member of the company he lived with his wife and children in Brooklyn and voted there. Willis testified that he had seen Vineing at fires, but could not state any particular fire where he had seen him. The secretary of the company testified that he did not recall having seen Vineing at any fires, while Vineing himself testified:

"I attended fires during the years 1902, 1903, 1904, and 1905, the early part of 1905. * * * During that time I was frequently in Staten Island at night, not all the time. I averaged about three nights a week, sir, during all those years. Some weeks I was there all the week. * * * I had a telephone in my house in Brooklyn to let me know when a fire broke out in Staten Island."

He could, however, recall, only one fire which he attended in 1903, though he did state he remembered four or five which he attended in 1904, and he did attend fires in the other years.

It is perfectly clear, when all of the evidence offered bearing upon the issues is considered, that Vineing never joined the Staten Island Company in good faith, with the intention of performing services therein, but that his action in that regard was a mere sham, taken solely for the purpose of bringing himself within the provisions of the statute so that he might claim its benefits. The case in this respect falls clearly within the decision of this court in People ex rel. Schulum v. Harburger, 132 App. Div. 260, 116 N. Y. Supp. 994.

The orders appealed from therefore must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.