## SHANE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. MUNICIPAL CORPORATIONS (§ 218*)—CLASSIFIED CIVIL SERVICE—SUSPENSION OF EMPLOYÉ—AUTHORITY OF BOROUGH PRESIDENT.

Greater New York Charter (Laws 1901, p. 636, c. 466) § 1543, provides that whenever, in any department, an office, position, or employment is abolished or made unnecessary, the person or persons legally holding or filling the same shall be deemed suspended without pay, and entitled to reinstatement if within a year there is need for his or their services. Held, that it was left to the discretion of a borough president, or other person having charge of a department, as to when work should be done and money expended, and a borough president, exercising his discretion in good faith, was authorized to terminate the employment of a transit-man and computer in his office in the classified civil service, by suspending him without pay for a year, though there was still work for him to do and money to pay him.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 598; Dec. Dig. § 218.*]

2. MUNICIPAL CORPORATIONS (§ 218*)—CLASSIFIED CIVIL SERVICE—SUSPENSION OF EMPLOYÉ—"LAY-OFF."

Though the word "lay-off" was used in a notice terminating the service of an employé, it was a sufficient indication of action under Greater New York Charter (Laws 1901, p. 636, c. 466) § 1543, authorizing his suspension without pay for a year.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 598; Dec. Dig. § 218.*]

3. MANDAMUS (§ 77*)—REINSTATEMENT OF SUSPENDED EMPLOYÉ.

If the action of a head of the city department, in exercise of his discretionary power to suspend a subordinate employé, was in bad faith and for the sole purpose of getting rid of him, he is entitled to reinstatement by mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 161–169; Dec. Dig. § 77.*]

4. MUNICIPAL CORPORATIONS (§ 220*)—CLASSIFIED CIVIL SERVICE—SUSPENSION OF EMPLOYÉ—REINSTATEMENT AND RECOVERY OF SALARY.

An employé in a classified civil service, who was suspended from the head of a department in the honest belief that such reduction was in the best interest of the city, was not unlawfully discharged, and cannot recover salary for the time he was unemployed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 605; Dec. Dig. § 220.*]

Appeal from Appellate Term.

Action by Bernard Shane against the City of New York. A judgment for defendant was reversed, and judgment directed for plaintiff by the Appellate Term (63 Misc. Rep. 304, 116 N. Y. Supp. 685), and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

defendant appeals by permission. Reversed, and judgment of Municipal Court affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Terence Farley, for appellant.

Irving I. Kremer, for respondent.

McLAUGHLIN, J. The plaintiff was employed as transitman and computer in the office of the president of the borough of Richmond, who, on the 14th of February, 1908, notified him that on and after the 1st of March he would be "laid off" because of "lack of appropriation." About the 1st of March the plaintiff received two communications from the president, dated February 29th, one rescinding the former action "laying him off" for lack of appropriation, and the other "laying him off" from March 1st for "lack of work." On the 16th of June following he was appointed transitman in the department of sewers, borough of Manhattan, and then this action was brought in the Municipal Court of the City of New York to recover the salary of his former position from the time he was "laid off" until his reemployment; the complaint alleging that he had been wrongfully discharged and prevented from working during that time, though he had been willing to perform his duties and had duly tendered his services. The complaint, after trial, was dismissed in the Municipal Court; but on appeal from the judgment entered to that effect the same was reversed by the Appellate Term and judgment directed for the plaintiff for the full amount claimed, and the city, by permission, appeals to this court.

At the trial it appeared that the plaintiff had a position in the classified municipal civil service, and by reason of that fact the contention is made that the borough president had no power to suspend him without pay so long as there was any work for him to do and sufficient appropriation to pay him. This contention is based upon an erroneous assumption that, once a person has obtained a position in the classified municipal civil service, he must thereafter be employed so long as there is any work to do and money to pay him; in other words, that a borough president, or other person having charge of a department of the city government, which requires work to be done and money expended, has no discretion as to the time when such work shall be done and the expenditure made. This is not the law, and ought not to be, because it may well be that certain kinds of work can be better and more economically done at one time or season of the year than at another, and this must be left to the discretion of the officer having charge of the work and expenditure of the city's funds. Section 1543 of the Greater New York Charter (Laws 1901, p. 636, c. 466) provides, among other things, that:

"Whenever in any department or institution an office, position or employment is abolished or made unnecessary through the operation of this act, or in any other manner, * * * the person or persons legally holding the office or filling the position or employment thus abolished or made unnecessary shall be deemed to be suspended without pay, and shall be entitled to reinstatement in the same office, position or employment, or in any correspond-

ing or similar office, if within one year thereafter there is need for his or their services."

The section further provides the head of the department must, in case of such suspension, certify the name or names of such person or persons to the municipal civil service commission, and the person so suspended remains eligible for appointment to the same or similar positions in the order of their original appointments, in preference to others.

A considerable portion of the briefs presented is devoted to the determination of the question of whether the plaintiff was discharged or only suspended, and whether his position was or was not abolished. The determination of such questions is unnecessary, because, under section 1543 of the charter, the borough president had authority to terminate the plaintiff's employment, and what he did was in effect to suspend him without pay for a year. It is perfectly obvious that the president was attempting to exercise his authority under the section referred to, for he promptly notified the civil service commission of his action, and by reason of that fact plaintiff obtained his position as transitman in the department of sewers a few weeks later. Although the word "lay-off" was used, it was a sufficient indication of the president's action. People ex rel. Levenson v. Wells, 78 App. Div. 373, 79 N. Y. Supp. 728; People ex rel. Frank v. Monroe, 99 App. Div. 290, 90 N. Y. Supp. 907.

If the action of the borough president was in bad faith, done for the sole purpose of getting rid of the plaintiff, then he was entitled to secure reinstatement by mandamus. People ex rel. Corrigan v. Mayor, 149 N. Y. 215, 43 N. E. 554; People ex rel. Bean v. Clausen, 50 App. Div. 324, 63 N. Y. Supp. 1064; Matter of Jones v. Willcox, 80 App. Div. 167, 80 N. Y. Supp. 420. It may well be doubted whether he could maintain the present action to recover salary until he had been reinstated in his former position. Sutliffe v. City of New York, 132 App. Div. 831, 117 N. Y. Supp. 813. But if the action could be maintained without reinstatement, I do not think the plaintiff was entitled to recover, and I prefer to place my conclusion upon that ground.

The plaintiff was employed in the topographical bureau in the borough president's office, and his "lay-off" was due to the fact that the officials in charge of the work of that bureau deemed it advisable, in view of work being done, and reduced the force accordingly. Their good faith in arriving at this determination is not questioned, and the only answer which the plaintiff makes to it is that, so long as there was any work which he could do and any money available to pay him, he was legally entitled to be employed. This apparently was the view entertained by the Appellate Term. The business of the city, like any other business, requires the employment of more men at some times than at others. To hold, when fewer men are required, the maximum number must be kept at work so long as there is any work which can be given them, or any money with which to pay them, is contrary to every principle which underlies good business management, as well as against public policy.

If the plaintiff had proved that the work had been curtailed and he and other employés removed with the intention and for the purpose

of eventually supplanting them with other workmen, and then continuing the work, a different question would be presented; but here there is no such claim made. On the contrary, it seems to be conceded that the reduction in the force was made in the honest belief that such reduction was in the best interest of the city. That being so, it follows that the plaintiff was not unlawfully discharged. People ex rel. Vineing v. Hayes, 119 N. Y. Supp. 808. He could not have been reinstated in his former position and is not entitled to recover the salary of such position while he was unemployed.

The determination of the Appellate Term is therefore reversed, and the judgment of the Municipal Court affirmed, with costs to the appellant in all courts. All concur.