(148 App. Div. 304.)

CALDWELL v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. MUNICIPAL CORPORATIONS (§ 218*)—OFFICERS—DISCHARGE.
An honorably discharged soldier cannot be dismissed from the service of a municipality without a trial, except upon his own consent.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. § 218.*]

2. MUNICIPAL CORPORATIONS (§ 218*)—OFFICERS—VETERANS—DURESS.
Where a veteran soldier who was entitled to a preference of employment was offered employment by the city on condition that he would sign a resignation which might be used when there was no further need for his services, the resignation was not obtained by duress, as the city authorities were not bound to employ him.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. § 218.*]

3. MUNICIPAL CORPORATIONS (§ 220*)—OFFICERS—DISCHARGE—PREFERENCE OR DISCHARGED SOLDIERS.
An honorably discharged soldier resigned employment with the city, and was entitled to reappointment within a year. Before the expiration of the year, he sought employment with the city, and received it upon consideration that he would execute a blank resignation, which might be used whenever the city had no further need of his services. After some time his resignation was accepted, and later he was re-employed. *Held* that, as he was not discharged to give employment to another, he was not entitled to compensation for the time during which he did not work; it appearing that the city had no need of his services during that time.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 599–608; Dec. Dig. § 220.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Charles H. Caldwell against the City of New York. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, defendant appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Clarence L. Barber, for appellant.
Edwin A. Watson, for respondent.

INGRAHAM, P. J. [1-3] The plaintiff was an honorably discharged soldier, and prior to September 24, 1906, was employed in the department of docks; his wages being $2 a day. He resigned such employment on September 24, 1906. Under the municipal civil service rules, he was entitled to be reappointed any time within one year. On September 23, 1907, he applied to the president of the borough of the Bronx for employment, and was told he would be employed if he would give a blank resignation, so that, if his services were not longer required, it could be used. As plaintiff was a veteran, he could not be discharged without a trial except by his own consent. He signed this resignation, and was then employed as a night watchman at the municipal courthouse in the borough of the Bronx; his wages being $2 a day. He served in that capacity until October 10, 1907, when the date was filled into this resignation which was accepted by the borough president. On June 15, 1908, he was re-employed by the borough president of the Bronx with the sanction of the civil service commissioners as a watchman at the same pay, and returned to his own position. No appointment was made to fill this position between October 10th and the following June, and we may assume, therefore, that there was no necessity for his services during that period. He now brings this action to recover wages for the period between October 10th and June 24th, during which time he rendered no service.

He claims that this resignation was obtained from him by duress, but it is difficult to see where the duress comes in. He was offered employment on condition that he would sign a resignation which could be used presumably when his services were no longer required, and he assented to that condition. The city authorities were not bound to employ him. It was a perfectly frank statement of the reasons why the resignation was required, and I can see no reason why the condition upon which he was employed, namely, that he should give to the officer employing him a resignation which could be used when his services were no longer required, was illegal or not enforceable. At any rate, he accepted that condition, received his employmnt upon its acceptance, and, when his services were not longer required, that condition was enforced. He was not discharged in the ordinary acceptation of the term, but the condition imposed upon him when he was appointed was enforced, and his services were no longer required and no longer rendered. While this resignation stood unrevoked he ceased to be in the employ of the city, rendered no services, and upon no principle that I can see was he entitled to be paid. The

evidence shows that his removal was not for the purpose of putting some one else in his place, but simply because his services were not required, and not being required, and he having rendered no services and the condition of his employment, namely, a resignation when his services were not longer necessary having terminated the employment, it would seem most unjust to recompense the plaintiff out of the public money for services not rendered. He was' re-employed when his services again became necessary, and for the services subsequently rendered he has been paid.

This court, both in this department (Shane v. City of New York, 135 App. Div. 218, 120 N. Y. Supp. 428) and in the Second Department (O'Donnell v. City of New York, 128 App. Div. 186, 112 N. Y. Supp. 760), has held that in positions of this character where a daily compensation is paid to an employé as wages for work performed for the city no recovery can be had .in the absence of the performance of such work. I think the principle thus established applies to this case.

The judgment and order appealed from should; therefore, be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.