PEOPLE ex rel. KAUFMAN v. BOARD OF EDUCATION OF CITY OF NEW YORK. (No. 6823.)

(Supreme Court, Appellate Division, First Department. February 5, 1915.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 63*)—BOARD OF EDUCATION—POWERS.

The board of education of the city of New York, not only has the power to abolish unnecessary positions, but it is its duty to do so.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 114, 149–160; Dec. Dig. § 63.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 63*)—BOARD OF EDUCATION—POWERS.

Where the board of education of the City of New York has the power under the particular facts to discharge relator, the question of malice or bad faith on part of his superiors is immaterial.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 114, 149–160; Dec. Dig. § 63.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. SCHOOLS AND SCHOOL DISTRICTS (§ 63*)—BOARD OF EDUCATION—POWERS.

By statute and its own rules the board of education of the city of New York has power to act in abolishing a civil service position, through its regular committee.

[Ed. Note.—For other casts, see Schools and School Districts, Cent. Dig. §§ 114, 149–160; Dec. Dig. § 63.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Maxwell Kaufman, against the Board of Education of the City of New York. From an order allowing the issuance of an alternative writ, the Board of Education appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Charles McIntyre, of New York City, for appellant.

John T. Loew, of New York City, for respondent.

HOTCHKISS, J. The petitioner was appointed to the position of "mechanical draftsman—sanitary" in 1913. On January 12, 1914, the committee on buildings on account of lack of work dispensed with his services as of February 1st thereafter, which action was subsequently ratified by the board. The petitioner was attached to the building bureau of the department, the work of which requires the services of architectural draftsmen and of sanitary mechanical draftsmen; the former draw the general plans, and the latter the plans pertaining to piping and sanitary construction. After his discharge, no one was appointed in relator's place, but his work was assigned to architectural draftsmen, and the relator was restored or is entitled to be restored to the civil service list.

The gist of plaintiff's claim is that, inasmuch as there was some work for him to do and an appropriation with which to pay him, he should have been retained, and that the city had no right to discharge him and at the same time assign his work to others. In People ex rel. Horvay v. Board of Education, 149 N. Y. Supp. 558, we held the relator properly dismissed because it appeared that there was no work for him to do. It is therefore not on all fours with the present. The question now presented is whether, when work is slack, the board of education may decrease its working force by discharging some of a specially designated class and transfer to others the duty to perform such work as there is to be done of the character theretofore performed by those in the discharged class.

[1-3] The board of education has power to abolish unnecessary positions (People ex rel. Connolly v. Board of Education, 114 App. Div. 1, 99 N. Y. Supp. 737, affirmed 187 N. Y. 535, 80 N. E. 1116. In People ex rel. Vineing v. Hayes, 135 App. Div. 19, 119 N. Y. Supp. 808, we held that, when the city officials can decrease the number of employés by distributing their work among others of the force, it is their duty so to do. It would be incredible, should it be otherwise. Such being the case, and the relator's discharge being justified by the facts, the question of malice or bad faith on the part of any of the

relator's superiors is immaterial. People ex rel. Vineing v. Hayes, supra, 135 App. Div. 22, 119 N. Y. Supp. 808. We place no weight whatever on the argument that the board had no power to act through its regular committee. In the light of the legislation and the rules of the board pertaining to the subject, the question is too clear for argument. Furthermore, the record shows that the relator was appointed in pursuance of the recommendation of a committee of the board, and thereafter confirmed by the board. If the board had no power to delegate the committee to investigate and report as to the propriety of the relator's discharge, it would seem to follow that his appointment was illegal, in which case he ought not to be heard to argue that he was illegally removed from a position to which he has no legal claim.

The order so far as appealed from is therefore reversed, with $10 costs and disbursements, and the motion denied, with $50 costs. All concur.