In the Matter of an Application by GISELLA DIVISICH and BELLE K. HENDRICKSON, Petitioners, Respondents, for an Order under Article 78 of the Civil Practice Act against JAMES MARSHALL, President, ELLSWORTH B. BUCK and Others, as and Constituting the Board of Education of the City of New York, Appellants.

First Department, June 28, 1939.

*Frederick v P. Bryan* of counsel [*Seymour B. Quel* and *Nicholas Bucci* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the appellants.

*Leonard M. Wallstein*, of counsel [*Leonard M. Wallstein, Jr.*, and *Benjamin Menschel* with him on the brief], for the respondents.

*Herman E. Cooper* of counsel [*Charles Barasch* with him on the brief], for the Teachers Union of the City of New York, *amicus curiæ*.

PER CURIAM. Prohibited by subdivision 10 of section 877 of the Education Law from incurring a liability or expense either against funds under its control or against the city in excess of an amount appropriated or available, the board of education of the city of New York of necessity was compelled to adjust its contemplated activities for the coming fiscal year to the total amount appropriated for its use.

We are of opinion that, in the circumstances presented, ample authority existed in the board for abolition of the positions held by the petitioners and others similarly situated, under the provisions of subdivision 2 of section 868 of the Education Law. (*People ex rel. Kaufman* v. *Board of Education*, 166 App. Div. 58; *Matter of Cusack* v. *Board of Education*, 174, N. Y. 136.) The manner of disbursement of the amounts placed at the disposal of the board rests in their independent judgment and in their discretion lies the determination of how the money appropriated shall best be expended with a view to an efficient system of education. (*Matter of Fuhrmann* v. *Graves*, 235 N. Y. 77.)

We do not think that *Matter of Rushford* v. *LaGuardia* (280 N. Y. 217) holds to the contrary. There the city alone, without the concurrence of the Board of Justices of the Municipal Court of the city of New York, attempted to reduce salaries of the clerks to the justices, relying upon the provisions of section 68 of the New York City Charter. Here the action complained of was taken by the department which, as already stated, has exclusive discretion in the use of moneys appropriated for its benefit. This department had the right to abolish the positions or reduce salaries when necessity required. (*Thoma* v. *City of New York*, 263 N. Y. 402; *Matter of People ex rel. Brett* v. *McGoldrick*, 281 id. 588.)

It follows, therefore, that the orders appealed from should be reversed and the petition dismissed.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur; DORE, J., dissents.

DORE, J. (dissenting). While the budget as adopted is not absolutely immutable, the elaborate statutory provisions for its adoption would be rendered meaningless if after compliance therewith the board of education could by mere resolution effect such major amendments as are here proposed. Subdivision 2 of section 868 of the Education Law relating to the power to abolish positions is expressly made " subject to the provisions of this chapter," which include subdivision 7 of section 877, prescribing the method of making and filing the budget estimate and expressly providing that, if the amount of the estimate exceeds four and nine-tenths mills on every dollar of assessed valuation in the city liable to taxation (and concededly it did), the estimate as to such excess will be " subject to such * * * action by the board of estimate and apportionment, the board of aldermen, (now the council) and the mayor as that taken upon departmental estimates submitted to the board of estimate and apportionment." A limited exercise of power to abolish positions as a matter of administrative routine is one thing; the wholesale abolition here contemplated, amounting to a recasting of the budget without conforming to the required provisions of law relating to the making of a budget, is quite another.

If the board has the power claimed, to " abolish " positions to any extent at any time, it has, under the same statute, equal power to " create " positions to any extent at any time. By the exercise of both alleged grants of unlimited power, the board of education alone could overthrow and completely remake a budget immediately following its adoption and thereby nullify the budget-making provisions of the law (including the right of the public to notice and to be heard when positions are established and salaries fixed) and give no effect to the authority of agencies other than the board of education provided for by the terms of subdivision 7 of section 877. (See *Matter of Rushford* v. *LaGuardia*, 280 N. Y. 217, 232.) That conclusion seems to me to make the provisions of law for the preparation, adoption and finality of the budget meaningless.

I dissent and vote to affirm.

Orders reversed, with twenty dollars costs and disbursements. and the petition dismissed.