OPINION OF THE COURT
John A. K. Bradley, J.
The issue confronted on these motions for summary judgment made by both plaintiff and defendant, revolves around the interpretation to be given to a severance pay policy voluntarily initiated by an employer, and whether or not the plaintiff employee is entitled to severance pay under the policy.
Plaintiff was for many years a vocational rehabilitation specialist in defendant’s methadone maintenance treatment program. Her employment was full time and not covered by any contract between defendant and any labor organization.
Plaintiff was granted an unpaid leave of absence for medical reasons, which was extended several times. When her leave expired, she informed defendant that her health would not *1096 permit her to work full time. Accordingly, defendant terminated plaintiffs employment because she was "unable to return to full duty”.
Defendant’s severance pay policy, applicable to nonunion employees such as plaintiff, states that its purpose is "To establish a procedure for issuing severance pay to employees terminated due to lay-off.” The statement of the policy then sets forth the policy itself: "Employees with one or more years of seniority whose employment is permanently terminated due to lay-off, receive severance pay.” Included in the policy is the following: "Employees who are temporarily laid-off, have resigned or are discharged for cause are not eligible for severance pay.”
The word "lay-off” generally means a temporary cessation of employment at the will of the employer, usually because of a reduction in the work force. " 'Lay-off is defined as 'A period during which a workman is temporarily dismissed or allowed to leave his work; that part or season of the year during which activity in a particular business or game is partly or completely suspended; an off-season’ ” (Oxford English Dictionary, Supp, quoted in Fishgold v Sullivan Corp., 328 US 275, 287, n 11). Lay-off is distinguished from "discharge” which means termination of the employment relationship or loss of a position. (Fishgold v Sullivan Corp., supra.) The distinction is clearly made in the agreement set forth in Matter of Berger (191 Misc 1043). See, also, Shane v City of New York (135 App Div 218), in which a temporary suspension because of lack of work is referred to as a "lay-off’.
The reasons for the separation from employment are significant in determining whether it constitutes a "lay-off”. A reduction in workforce is a lay-off. (Laclede Gas Co. v National Labor Relations Bd., 421 F2d 610.)
An interesting breakdown of the types of employee termination is contained in International Assn. of Machinists v State (153 Fla 672), which defines "quit”, "discharge”, and "lay-off”. A "quit” is a termination of employment by the worker. "Sickness, disability * * * may be * * * influencing factors. A 'discharge’ is a termination of employment at the will of the employer, without prejudice to the worker * * * Lay-offs may be due to lack of orders, technical changes, or the failure of flow of parts to the job, as needed.” (Supra, p 681.)
In the instant case, the severance pay policy distinguishes permanent lay-offs from temporary lay-offs. The word is not *1097 being used precisely. However, from the context of the policy, it is clear that the term "lay-off” is not to be given the same meaning as "discharge”. To give the word meaning, it must be interpreted according to cases defining "lay-off”, but disregarding the usual temporary nature. The various definitions indicate that a lay-off is a separation due to conditions prohibiting the employer from providing work for the employee. For instance, a medical center may have reduction in the number of patients or a budget cut, forcing it to reduce its services to patients. In turn, the employer will have to reduce its work force. The situation would subject an employee to a "lay-off” within the meaning of the severance pay policy here in question.
The plaintiff here is no longer capable of meeting the requirements of the job on a full-time basis. The job and its availability have not changed. Such a situation is more akin to a discharge than a lay-off.
The defendant’s motion for summary judgment is granted. The plaintiff’s motion for summary judgment is denied.