PEOPLE ex rel. MEEKS v. DRUMMOND, Commissioner of Charities, et al.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

MANDAMUS (§ 76*)—SERVICE—DISCHARGE—CHARGES—EXPLANATION—CIVIL SERVICE.

Where relator was removed by the commissioner of charities after service of notice of substantial charges against him and he had been afforded an opportunity for an explanation, the courts will not review in mandamus the commissioner's determination that the explanation tendered was not sufficient.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 158–160; Dec. Dig. § 76.*]

Appeal from Special Term, New York County.

Mandamus by the People, on relation of George W. Meeks, against Michael J. Drummond, as Commissioner of the Department of Charities of the City of New York, and James Creelman and others, constituting members of the Municipal Civil Service Commission of such city. From an interlocutory judgment in favor of respondents, and from an order sustaining a demurrer to an alternative writ with leave

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to obtain another, relator appeals.   Modified, by striking the leave to obtain a new writ, and affirmed.

See, also, 149 App. Div. 915, 133 N. Y. Supp. 1139.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOW-LING, and HOTCHKISS, JJ.

James F. Swanick, of New York City, for appellant.

Archibald R. Watson, Corp. Counsel, of New York City (William E. C. Mayer, of Brooklyn, of counsel, and Terence Farley, of New York City, on the brief), for respondents.

PER CURIAM.   The commissioner of charities removed the relator, after due service of notice of charges upon him, and after affording him an opportunity for explanation.   The charges were substantial. The commissioner found the explanation insufficient.   The proceedings taken were in conformity with the provisions of the statute.   Under such circumstances, the court will not review, in a mandamus proceeding, the action of the commissioner, and determine whether he ought to have been satisfied with the explanation tendered.   The demurrer to the alternative writ was properly sustained, but the order and the interlocutory judgment should not have granted leave to obtain a further writ upon the petition as filed.

The judgment and order appealed from should therefore be modified, by striking out the leave granted, and, as so modified, affirmed, with $10 costs and disbursements.

---

In re ROTH.

(Supreme Court, Appellate Division, First Department.   April 25, 1913.)

REFERENCE (§ 8*)—ACCOUNTS—ATTORNEY AND CLIENT.

Where an attorney, having collected money for his client, claimed the right to retain a portion thereof for disbursements and services rendered, an order requiring him to deposit the moneys collected with the city chamberlain for the account of the client should be modified, by referring the matter to a referee for the statement of an account between the attorney and his client.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13-23;  Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOW-LING, and HOTCHKISS, JJ.

