(173 App. Div. 49)

### DUNPHY v. KINGSBURY et al.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

1. MUNICIPAL CORPORATIONS ⬤⟳212—EMPLOYÉS—REMOVAL.

Subordinate officers of the department of public charities, whose appointment and removal is provided for by Greater New York Charter (Laws 1901, c. 466) § 659, are removable at will, and are not entitled to notice of changes and opportunity to explain under section 1543, which applies only to officers whose removal is not otherwise provided for.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 571, 572; Dec. Dig. ⬤⟳212.]

2. MUNICIPAL CORPORATIONS ⬤⟳159(4), 218(8)—EMPLOYÉS—REMOVAL.

Such officers are not entitled to a formal trial, but merely to notice of changes and opportunity to make explanation and file affidavits and briefs.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 353–355, 594, 595, 598; Dec. Dig. ⬤⟳159(4), 218(8).]

3. MUNICIPAL CORPORATIONS ⬤⟳212—EMPLOYÉS—REMOVAL.

In proceedings to remove such subordinate officers, charges examined, and held to be sufficiently definite.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 571, 572; Dec. Dig. ⬤⟳212.]

4. MUNICIPAL CORPORATIONS ⬤⟳212—EMPLOYÉS—REMOVAL.

In proceedings to remove such subordinate officers, the commissioner is authorized to act on his own knowledge and on information derived from any source.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 571, 572; Dec. Dig. ⬤⟳212.]

5. MUNICIPAL CORPORATIONS ⬤⟳212—EMPLOYÉS—REMOVAL.

In proceedings to remove such subordinate officers, the charges being sufficiently definite and a hearing having been duly granted, the evidence cannot be reviewed, nor the order of removal annulled, for prejudice or bad faith of the officer conducting the hearing.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 571, 572; Dec. Dig. ⬤⟳212.]

Appeal from Special Term, New York County.

Mandamus, on the relation of Mary C. Dunphy, against John A. Kingsbury and others. From an order of the Special Term, granting an alternative writ for the reinstatement of relator as superintendent of the New York City Children's Hospitals and Schools on Randall's

Island, the Commissioner of Charities of the City of New York and the members of the Municipal Civil Service Commission appeal. Reversed, and motion denied.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

E. Crosby Kindleberger, of New York City (Terence Farley and Elliot S. Benedict, both of New York City, on the brief), for appellants.

Emory R. Buckner, of New York City (George W. Whiteside and Grenville Clark, both of New York City, on the brief), for respondent.

LAUGHLIN, J.  The respondent contends that her position fell within the provisions of section 1543 of 'the charter (Laws 1901, 'c. 466), and that she was entitled to a statement of the charges and an opportunity to explain, and that while charges were served and an opportunity to explain them was to some extent afforded, the charges were too indefinite and the opportunity for explanation was not sufficient, and she further claims that her case was prejudged, and that the commissioner acted in bad faith and did not remove her on the charges, but in consummation of his prior determination to remove her in any event.

[1] The city claims that her appointment and removal were provided for in section 659 of the charter, and that therefore the position is not subject to the provisions of section 1543, and that since by the section under which she was appointed there is no provision for a hearing or an opportunity to explain, and by it general authority to appoint and remove was conferred, "subject to the civil service laws," she was removable at will. The learned counsel for the appellants contends that the civil service *laws* to which reference is made in said section 659 of the charter are the state civil service laws relating to veteran soldiers, sailors, and firemen. If that contention be tenable, and section 1543 does not apply, then manifestly she was removable at will, and can have no redress. People ex rel. Cline v. Robb, 126 N. Y. 180, 27 N. E. 267. See, also, People ex rel. Brennan v. Scannell, 62 App. Div. 249, 254, 70 N. Y. Supp. 983. In making this contention, the city relies upon People ex rel. McKeon v. Ludwig, 215 N. Y. 389, 109 N. E. 484, wherein it was held that an inspector in the bureau of buildings, whose appointment was made under section 406 of the charter, which conferred authority to appoint and remove in the *discretion* of the superintendent of buildings, was not entitled to the benefit of the provisions of section 1543 of the charter. The opinion of the Court of Appeals in that case indicates that the decision was made upon the ground that the appointment and removal were not provided for in the first sentence of said section 1543, but elsewhere in the charter. In other words, it appears to have been held that the exceptions in section 1543, viz., "except as otherwise specially provided," mean excepting as *elsewhere* provided, and not excepting as elsewhere *otherwise* or *differently* provided. In that case, however, the statute expressly provided that the official was authorized to remove *in his discretion*, and therefore it may be said that the position

was removed from the classes of cases provided for in section 1543, which requires something more than the mere exercise of discretion at will on the part of the official authorized to remove.

Generally speaking, of course, power to appoint and remove is quite as broad as power to appoint and remove in the *discretion* of the appointing power. People ex rel. Cline v. Robb, supra; People ex rel. Fonda v. Morton, 148 N. Y. 156, 42 N. E. 528; People ex rel. Brennan v. Scannell, 62 App. Div. 249, 70 N. Y. Supp. 983; Abrams v. Horton, 18 App. Div. 208, 45 N. Y. Supp. 887. There may, however, in view of the use of the *plural* number with respect to the civil service laws, and in view of the provisions of section 1543, which regulate the exercise of the power of removal, be some significance in the *omission* from section 659 with respect to this position of express power to remove in the *discretion* of the commissioner, which express authority is conferred in the same section with respect to *deputies*. This court in People ex rel. Meeks v. Drummond, 156 App. Div. 926, 141 N. Y. Supp. 315, assumed that section 1543 applies to the department of charities, in which the respondent herein was employed, and that appears to have been the construction of the statute heretofore by the department itself. The decision of the Court of Appeals in People ex rel. McKeon v. Ludwig, supra, however, not having been placed upon the ground that the provisions of said section 406 with respect to discharging an employé *differ* from those contained in section 1543, but upon the ground that authority to remove in that case was conferred by another section, which is equally true in the case at bar, that decision should, I think, be deemed controlling in the case at bar.

[2] There is, however, another insuperable objection to according to the respondent any relief in this proceeding. It is conceded that the charges preferred against her were sufficient to warrant her removal, that they were duly served, and that she was afforded an opportunity to explain them; but, as already stated, it is claimed that they should have been made more definite, and that she should have been afforded further opportunity to explain by producing witnesses. The statute gave her the right to an opportunity to explain, and that is a substantial right, and, if she was deprived of it, her removal would be illegal; but in People ex rel. Keech v. Thompson, 94 N. Y. 451, the Court of Appeals, in reviewing a removal under a similar statute, held that whether further time should be given to make an explanation rests largely in the discretion of the official clothed with the power of removal.

In 1914 the commissioner, by an inspector, instituted an investigation with respect to the management of the institution of which the respondent had charge. A summary of the findings made on that investigation was delivered to her on February 17, 1915, and on March 2d the formal charges were served upon her, calling upon her to explain them on March 6th. She was taken ill with acute bronchitis and pleurisy, and at the request of her attorney the matter was adjourned seven times, and finally on May 13th she stated that she was ready to make an explanation, and the commissioner fixed May 17th at her residence at Randall's Island as the time therefor, and notified her attorneys. In the meantime there were negotiations pending, as a result

of which the respondent expected to be retired on a pension; but the commissioner in no manner waived his right to require an explanation of the charges. On May 15th her attorneys wrote the commissioner, in effect demanding a formal trial, to which she was not entitled. In the absence of Commissioner Kingsbury, Deputy Commissioner Wright took charge of the matter on May 17th. He permitted respondent to be represented by counsel, but refused an adjournment, either to obtain witnesses or to await the determination of an investigation by the state board of charities. He offered then to receive any explanation respondent desired to make personally, and any affidavits and a brief after that date and up to 5 o'clock on the 20th. She was entitled to no more as matter of right. People ex rel. Kennedy v. Brady, 166 N. Y. 44, 59 N. E. 701; People ex rel. Keech v. Thompson, supra. Her counsel claimed generally that the charges were vague, and that she should be given the names of witnesses and confronted with the testimony of the witnesses on which they were based. The deputy commissioner ruled generally that she was only called upon to reply to the charges as made.

[3] We have examined the charges in the light of the criticisms made by counsel for respondent, and are of opinion that they were sufficiently definite to enable her fully to exercise her right of explanation. The respondent presented a report of a medical board, which tended to exonerate her of the charges so far as they related to matters which came under the observation of the members of that board, and she denied all the charges and claimed that, in so far as any of the things of which complaint was made had been reported to or became known to her, they had been remedied, and that she had exercised all due diligence in the performance of her duties. She was permitted to say anything she desired in explanation of the charges, and her attorney was heard with respect thereto. He claimed that the case had been prejudged, and that, in view of the attitude of the deputy commissioner in refusing to adjourn the hearing to permit all of the inmates and employés who would have knowledge of the matters to which the charges related to be called as witnesses, she could only categorically deny the charges and make such explanation as she might herself be able to make, and that she did. At the close of the hearing, which occupied a large part of the day, the deputy commissioner announced that the hearing would be adjourned for three days, or until the 20th, at which time respondent might submit any affidavits or brief she desired to present. Her counsel protested, on the ground that some of the witnesses whose affidavits he desired were absent, and that the time was too short to enable him to obtain their affidavits. No further briefs or affidavits were presented, but on the 20th the attorneys for the respondent wrote a letter to the deputy commissioner, in which they set forth the reasons for not filing further affidavits or a brief, the substance of which is that the case had been prejudged, as shown by testimony of the commissioner on the hearing before the state board, and that only a few affidavits, which would be an incomplete defense, could be obtained in that time, and that it would be futile to attempt any further defense by affidavits or brief, in view of the attitude of the commissioner, and they suggested that the deputy

commissioner postpone action pending the investigation by the state board, and that the evidence brought out on that investigation be considered, and offered to submit a transcript of it as the proceeding progressed. Deputy Commissioner Wright thereafter and on May 24th removed the respondent on the charges, which he sustained on six of the eight specifications, and caused the same to be entered on the records of the department, and a statement showing what purported to be, and what he claimed to be, the true reasons for such removal, which were the facts contained in said charges, to be filed in the department, and the municipal civil service commission to be duly notified of such removal for the causes stated, in all respects as required by said section 1543 of the charter.

[4] It thus appears that formal charges, which were sufficient in substance, were duly served, and that respondent had an opportunity to explain them. The commissioner was authorized to act on his own knowledge and on information derived from any source (People ex rel. Keech v. Thompson, supra; People ex rel. Kennedy v. Brady, supra; Matter of McGuire, 157 App. Div. 351, 142 N. Y. Supp. 426, affirmed 209 N. Y. 597, 103 N. E. 1126), and on that information, after her explanation, he has sustained the charges on six specifications and dismissed the respondent from the service, and has followed the procedure required by said section 1543 of the charter.

[5] It has been held and is conceded that there is no review by certiorari or otherwise with respect to the sufficiency of the evidence to sustain the charges (People ex rel. Kennedy v. Brady, supra); but it is claimed that, notwithstanding the fact that there is no authority to review the determination that the respondent was guily of the charges, the action of the commissioner in dismissing her may be annulled or rendered ineffective, provided the jury find in this proceeding that he had prejudged her case and acted in bad faith in removing her, and that it will then become the duty of the court to reinstate her. That claim is predicated upon People ex rel. Mitchel v. La Grange, 2 App. Div. 444, 37 N. Y. Supp. 991, affirmed on opinion below, 151 N. Y. 664, 46 N. E. 1150, which is quoted with approval in Matter of Griffin v. Thompson, 202 N. Y. 104, 95 N. E. 7. In both of these cases, however, the court decided that the charges were insufficient, and what was therein said with respect to its being the duty of the official to act in good faith was not, I think, intended as a ruling that, where the charges are sufficient and are sustained, the determination may be annulled or rendered ineffective on account of the motive of the official. No adjudication with respect to a case of prejudice on the part of the official whose duty it is to prefer the charges and hear the explanation under this or a similar statute has been cited; but there are many cases where the official or employé against whom the charges are preferred was entitled to a trial, in which it has been held that the official clothed with authority to hear the charges was not ousted of jurisdiction, either by the fact that he made the charges or was prejudiced. People ex rel. Miller v. Elmendorf, 57 App. Div. 340, 68 N. Y. Supp. 54; People ex rel. Clifford v. Scannell, 74 App. Div. 406, 77 N. Y. Supp. 704, affirmed 173 N. Y. 606, 66 N. E. 1114; People ex rel. Hayes v. Waldo, 212 N. Y. 156, 105 N. E. 961; People ex

rel. Vineing v. Hayes, 135 App. Div. 19, 119 N. Y. Supp. 808; People ex rel. Kaufman v. Board of Education, 166 App. Div. 58, 151 N. Y. Supp. 585.

Those authorities should be applied here, for since we cannot reverse the findings made by the deputy commissioner sustaining the charges, the effect of a ruling sustaining the order for the alternative writ would be that, notwithstanding the fact that the statutory procedure has been followed and the respondent has been adjudged guilty of the charges, and that such adjudication is final, she may be reinstated if the jury determines that the official who heard the charges had prejudged her case, or was actuated by bad faith. In any aspect of the case, the very theory upon which the respondent is proceeding would involve a review by the jury of the question as to whether the commissioner should have been satisfied with the explanation made, of which under the decisions there can be no review, for whether he was actuated by bias or prejudice would almost necessarily depend upon whether the charges were well founded. The official record shows that she was removed on the charges, and if they were well founded such record could not be impeached by evidence tending to show prejudice or bias on his part, or even a predetermination to remove her. To allow the record thus to be impeached would be affording a remedy by collateral attack which the Legislature has not seen fit to give by direct review.

I think, therefore, that the order should be reversed, and motion denied. Order filed. All concur.