·THE PEOPLE OF THE ·STATE OF NEW YORK ex rel. RAY R. GILSON, Appellant, *v.* JOHN H. GIBBONS et al., Constituting the Board of Police of the City of Lackawanna, Respondents.

Certiorari — Lackawanna (city of) — removal of chief of police upon charges preferred under city charter — review of trial by police commissioners and their decision by Appellate Division under writ of certiorari — failure of Appellate Division to pass upon sufficiency and weight of evidence — order of affirmance reversed and case sent back to Appellate Division to pass upon the sufficiency of the evidence.

1. Relator, the chief of police of the city of Lackawanna, was tried upon a number of charges of neglect of duty and malfeasance in office, preferred by the mayor under the city charter. After a hearing before the police commission five of the charges were dismissed, the relator found guilty on the others and dismissed from the police force. Upon a review of the proceedings by the Appellate Division under a writ of certiorari the conclusions of the police commissioners upon five of the charges based upon the misconduct of relator during a strike were reversed for insufficiency of evidence. As to the remaining three charges the Appellate Division affirmed the action of the police commissioners in dismissing the relator, stating in the order that the evidence in the record is insufficient to warrant the removal of the relator because of misconduct growing out of the strike, but that there is sufficient evidence upon some of the other charges to make a question of fact for the commissioners; that the court was bound by their decision upon those questions, and, therefore, the writ should be dismissed. *Held*, upon examination of the record, that the relator was entitled to a review of all the evidence and a determination as to whether or not the three charges sustained by ·the Appellate Division had been proven by a fair preponderance of evidence (Code Civ. Pro. § 2140); that it did not pass upon the weight or sufficiency of the evidence given to sustain these charges; and, there being as stated in the order and as appears in the record, a question of fact, that the order of the Appellate Division should be reversed and the case sent back to that court to pass upon the sufficiency of the evidence to sustain these charges.

2. If the Appellate Division, upon a reconsideration of the case should determine that the three charges are not sustained by a fair preponderance of the evidence or that the main charges, having been

dismissed, a rehearing should be had, it will grant a new trial. Should it sustain these charges then it would have the power, in the exercise of discretion, if indeed it would not be required as a matter of right, to remand the relator to the police commissioners for resentence. If the Appellate Division should follow neither of these courses the relator is still left with his right to again appeal to this court.

*People ex rel. Gilson* v. *Gibbons*, 194 App. Div. 983, reversed.

(Argued April 25, 1921; decided May 3, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 23, 1920, which dismissed a writ of certiorari and confirmed a determination of the board of police of the city of Lackawanna in removing the relator from the position of chief of police.

*Evan Hollister* for appellant. The Appellate Division, fourth department, having held as part of its order of dismissal that " the evidence in this record is insufficient to warrant the removal of relator because of misconduct growing out of the strikes," and the board of police commissioners having fixed the punishment of relator at the extreme penalty of dismissal from office upon the erroneous assumption that all of the charges of which the board found the relator guilty were sustained by the evidence, the determination of the board should be reversed and at least a new trial be directed of only those charges as to which the evidence was sufficient. (*Burton* v. *N. Y. C. & H. R. R. R. Co.*, 147 App. Div. 557; 210 N. Y. 567; 215 U. S. 315; *People ex rel. Gannon* v. *McAdoo*, 117 App. Div. 438; *People ex rel. Kelly* v. *Waldo*, 161 App. Div. 731; *People ex rel. Long* v. *Whitney*, 143 App. Div. 17; *People ex rel. Reardon* v. *Partridge*, 86 App. Div. 310; *People ex rel. Leonard* v. *Cropsey*, 149 App. Div. 730.) The Appellate Division, fourth department, having held that " the evidence in this record is insufficient to warrant the removal of the relator because

of misconduct growing out of the strikes," and having found that the evidence in some of the other charges was merely " sufficient to make a question of fact for the board," erred in dismissing the writ of certiorari in this proceeding and in not reinstating the relator. (*People ex rel. Dongan* v. *Greene,* 97 App. Div. 404; *People ex rel. Kelly* v. *Waldo,* 161 App. Div. 731; *People ex rel. Trayer* v. *Bingham,* 126 App. Div. 350; *People ex rel. McAleer* v. *French,* 119 N. Y. 502; *People ex rel. Fallon* v. *Wright,* 150 N. Y. 444; *Matter of Christy* v. *Cochrane,* 211 N. Y. 333; *People ex rel. Simpson* v. *York,* 35 App. Div. 430; *People ex rel. Baron* v. *Waldo,* 162 App. Div. 345.)

*Irving M. Weiss, Corporation Counsel (Frank C. Ferguson of counsel), for respondents.* The board of police having found upon sufficient evidence that Gilson was guilty of certain of the offenses charged against him, and having dismissed him from the police force as the result of its decision, the Appellate Division had no right to interfere with the punishment meted out to him by the board. Nor has this court any power to interfere with the judgment of the police board in that respect. (*People ex rel. Burns* v. *Purroy,* 46 N. Y. S. R. 910; *People ex rel. Kent* v. *Fire Comrs.,* 100 N. Y. 82; *People ex rel. Masterson* v. *French,* 110 N. Y. 494.)

CRANE, J. The appellant was the chief of police of the city of Lackawanna, Erie county, New York. Upon charges preferred under the city charter, he was dismissed from office after a lengthy hearing before the police commissioners. The charges were preferred against the relator by the mayor of the city.

There were twelve numbered charges, five of which were dismissed by the commissioners and the relator found guilty on the other seven. The charges sustained were numbers 1, 2, 3, 6, 7, 8, 11, and the Fallon charge. Upon review by the Appellate Division under a writ of

certiorari, the conclusions of the police commissioners, based upon the charges growing out of the so-called Lackawanna steel strike, were reversed for insufficiency of the evidence. These included the Fallon charge and those numbered 1, 2, 3 and 11. As to the remaining charges, numbers 6, 7 and 8, the Appellate Division affirmed the action of the police commissioners in dis- · missing the relator, stating in the order of reversal: " We think that the evidence in this record is insufficient to warrant the removal of the relator because of misconduct growing out of the strikes, but that there is sufficient evidence upon some of the other charges to make a question of fact for the board, and we feel that we are bound by their decision upon those questions, and, therefore, the writ should be dismissed."

Out of twelve charges, therefore, made by the mayor against the chief of police, Ray R. Gilson, nine have been dismissed, also the Fallon charge, and three have some evidence, as stated by the Appellate Division, to sustain them.

The police commissioners in imposing the extreme penalty provided by the charter of · dismissal from the force, acted upon the charges which they found to be sustained. . The Appellate Division has held four of these charges and the Fallon charge to be unfounded. Whether the police commissioners would have imposed the extreme penalty for the three remaining charges no one can tell. The charter provided for other discipline besides dismissal. For instance, it could have imposed a fine not exceeding $50, reduced his grade or subjected him to any other discipline prescribed in the rules of the police department. The practice under such conditions where dismissal has been made upon numerous charges, some of which on review have been dismissed, seems to have been to grant a new trial in order that the sentencing court having discretion as to the penalty, may reconsider its action in view of the failure of some of the charges upon which it had previously been moved to judgment.

(*People ex rel. Long* v. *Whitney*, 143 App. Div. 17; *People ex rel. Reardon* v. *Partridge*, 86 App. Div. 310; *People ex rel. Leonard* v. *Cropsey*, 149 App. Div. 730.) Therefore, if the Appellate Division had sustained three out of the seven charges, it might well have followed this practice and have granted a new trial.

The principal charges against Gilson as chief of police arose out of a strike at the Lackawanna Steel Company's works in the fall of 1919. The chief was charged with having permitted an assault upon a man named Fallon and illegally arresting him, and also assaulting certain other individuals. The evidence indicates much local feeling against the relator growing out of his handling of this strike. Conditions were so bad that the state forces were called upon to render aid. All these charges, as above stated, resting upon the strike conditions, have been dismissed. The commissioners in removing the relator from office and from the police force acted upon the charge which appears to be the principal one, of the relator's conduct toward James Fallon; the charge number 1, failing to restrain and control the police; also on number 2 which was that Gilson had failed to make an adequate investigation of the alleged wanton shooting by the police of four persons; also on number 3 for the assault by Gilson upon John Horwick, and likewise on charge number 11 for arresting one Vincent March without a warrant and permitting him to be beaten in the police station. These five charges upon which, with others, the police commissioners acted in removing the chief have been reversed by the Appellate Division. There was not sufficient evidence to sustain them.

The removal from office, however, has been affirmed by the Appellate Division upon the three remaining charges, numbers 6, 7 and 8, which had no relation whatever to the troublesome times growing out of the strike. These latter charges related to occurrences taking place in 1918, a year and a half before the complaints were

[231 N. Y. 171]     Opinion, per Crane, J.     [May,

made against the relator. Charge number 6 is that Gilson arrested a man by the name of Walter Nowak for stealing automobile tires and by force and violence compelled him to sign a written confession. Nowak is the only witness against the chief whose denial of the charge is sustained by two unimpeached witnesses. Experience teaches us that such charges are frequently made against police officials by criminals who seek to retract their confessions.

Charges 7 and 8 are based upon Gilson's action in the case of Frank Good and his wife. Frank Good had run away from Chicago with Mary Kapek, a young girl, stated to be fifteen years of age. Gilson had received a telegram, about which there is no dispute, from the Chicago authorities requesting their arrest and detention. Gilson arrested Frank Good and his wife, as he had a right to do, but took a money order for $200 as security for Mary Good's appearance, when required, and permitted her to go home. Frank was locked up. For this money order in the nature of bail, the chief of police gave to the parties a receipt, stating what it was for and subsequently at the direction of Frank Good paid over the money order to Good's attorney, a man by the name of O'Connor. Another $200 money order was also taken later for Frank's bail and after his discharge was returned to him. It is alleged that Gilson recommended lawyer O'Connor to Good. As Frank Good had married the girl, the charges were apparently dropped and neither he nor his wife were sent back to Chicago.

Charge 7 is that Gilson improperly took $200 bail for the release of Mary Good and permitted her to stay home instead of taking her to the station house.

Charge 8 is that he wrongfully recommended John W. O'Connor as a lawyer for Frank Good and procured his fee of $200.

Whether these charges, 6, 7 and 8, if true, would be sufficient to justify the removal of the chief of police

1921.]                Opinion, per CRANE, J.        [231 N. Y. 171]

from the force or whether they would result in and by themselves in some lesser degree of discipline, we cannot say. This is a matter for the commissioners with whom there rests a discretion. The relator, however, in appealing to the Appellate Division was entitled to a review of all the evidence and a determination as to whether or not these three charges had been proven by a fair preponderance of evidence. (Code of Civil Procedure, section 2140.) Surely the chief could not be dismissed simply because a charge was made against him and sworn to. The charge would have to be proven by a fair preponderance of evidence. Like any other fact, it would have to be established. The Appellate Division apparently did not pass upon the weight or sufficiency of the evidence given to sustain these three charges, 6, 7, and 8. The justices felt bound to affirm the dismissal if there were any evidence against the relator, and have so stated. Referring again to the Appellate Division order, we find the court's conclusions to be " That there is sufficient evidence upon some of the other charges to make a question of fact for the board, and we feel that we are bound by their decision upon those questions." A question of fact always arises with an affirmation and a denial. Whether or not the affirmative or the negative be the truth depends upon the weight and sufficiency of the evidence in the one case or the other. The Appellate Division could not stop at the first stage and affirm merely because a question of fact was presented. The relator was entitled to the next step, *i. e.*, a determination as to whether or not the question of fact presented should have been decided against him because the evidence preponderated against him, or because the weight and sufficiency of the evidence were such as would have justified a jury in finding him guilty.

We, therefore, conclude that this case must be sent back to the Appellate Division to have them pass upon

the sufficiency of the evidence to sustain these three charges. Should it determine that they are not sustained by a fair preponderance of the evidence or that the main charges having been dismissed, a rehearing should be had, it would of course grant a new trial.

On the other hand, should it sustain the three remaining charges, then, in our judgment, it would have the power in the exercise of discretion, if indeed it would not be required as a matter of right, to remand the relator to the police commissioners for re-sentence. We can hardly suppose that the full penalty of dismissal would have been imposed for breaches of discipline nearly two years old, the main or principal charges being unfounded.

Should neither of these courses be followed by the Appellate Division, the relator is still left with his right to again appeal to this court.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, MCLAUGHLIN and ANDREWS, JJ., concur.

Order reversed and proceeding remitted to the Appellate Division for further consideration and action in accordance with the opinion, with costs.