In the Matter of the Application of JOSEPH ALBANO, Petitioner, against THOMAS W. HAMMOND, as Sanitation Commissioner of the Sanitation Department of the City of New York, Respondent.*

First Department, April 5, 1935.

*Jay O. Kramer* of counsel [*Vincent A. Marsicano*, attorney], for the petitioner.

*Seymour B. Quel* of counsel [*Charles E. Ramsgate* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

GLENNON, J. This is a certiorari proceeding brought by one Joseph Albano, a member of the uniformed force of the department of sanitation, to review the determination of the commissioner of the department, dismissing him from his position as a " regular driver."

---

* Revd., 268 N. Y. 104.

Under the date of June 11, 1934, the following communication was addressed to Albano:

" SIR: You are charged with violation of Rules 3, 33, 24, 28 of this Department, in that

" Rule 3 — Conduct prejudicial to good order and discipline

" Rule 33 — Neglect of duty

" Rule 24 — Removing trade waste

" Rule 28 — Failure to obey orders.

" Specification: In that Joseph Albano, on or about May 29, 1934, in company with other fellow employees, did remove trade waste from in front of a yard conducted for business purposes on the east side of Lewis St. between 3rd and 4th Sts., contrary to orders; in that said Joseph Albano failed to report serious violations of departmental rules, orders and regulations committed by himself and his fellow employees; in that he failed and neglected properly to perform his duty by reason of the aforesaid; in that such conduct as aforesaid constituted conduct prejudicial to good order and discipline.

" In connection therewith you are hereby notified that a hearing will be given to you before the Deputy Commissioner............ Trial Commissioner........................at Room 1253, Municipal Building, Manh. at 3 P. M. Thursday, June 14, 1934.

" WILLIAM MUNDAY<br>" <em>City Superintendent.</em>

" N. B.— Foreman of..................will cause this notice to be served on the man concerned.

" C F S "

A hearing was held on June 14, 1934, before a deputy commissioner, after which Albano, who had been in the employ of the sanitation department for about twelve years, was found guilty, and on July 2, 1934, he was dismissed.

The basic charge was that Albano, in company with fellow-employees on May 29, 1934, removed what was known in the department as trade waste from in front of a yard on the east side of Lewis street between Third and Fourth streets, Manhattan. It is not disputed that if any owner of trade waste wishes to dispose of it he must do so at his own expense. On the other hand, there was no claim made upon the hearing that Albano or his fellow-employees received any compensation other than their salaries for their services.

Two witnesses, David A. Thompson and Charles Hillwood, were called by the department to sustain the charges. Thompson, a confidential inspector, testified in substance: That after receiving

information from an unnamed investigator he went to Lewis street shortly after one o'clock in the afternoon and saw a departmental truck partly loaded with nine pieces of tin consisting of letters, which apparently had been removed from a large electric sign. Nine other pieces were piled in front of the fence which was at the Lewis street entrance to the yard. He expressed the opinion that this material constituted trade waste within the meaning of the rules and regulations of the department. He interviewed the truck driver, one Kashula, who told him that the material had been found scattered along the streets, had been picked up and piled in the position it was during the course of the morning. The petitioner and one Ditzio, fellow-employees of Kashula, had assisted him.

Hillwood, who was a sweeper, stated in substance that the streets in the immediate vicinity were filthy. Tin and cans had been thrown " all over the street " by boys in the neighborhood.

Albano and the other employees asserted that the tin, together with other rubbish, had been picked up from the streets in the neighborhood, and had been piled in front of the yard on Lewis street for the purpose of removing it by truck.

Benjamin Hershkowitz, the owner of the yard in front of which the tin was piled, said there had been no tin in his yard; in fact, that he did not see any tin in front of his place that morning when he left at eight-thirty A. M., nor did he see any upon his return about one o'clock.

We are at a loss to understand why it was that the investigator, who was alleged to have furnished secret information to Thompson concerning the activities of these employees, was not called as a witness by the department. We do not believe that the evidence adduced upon the hearing was sufficient to show that the petitioner was guilty of the charges which were preferred against him.

It is argued by the corporation counsel that this court has no right to review the sufficiency of the evidence. The contention is not well founded. Section 537 of the charter reads in part as follows: " In the event of the removal of any member of the clerical or uniformed force, he shall have the right to sue out a writ of certiorari or other appropriate remedy for the purposes of reviewing the action of the commissioner or his deputy, and, upon being successful upon such proceeding, he shall be entitled to be reinstated." The petitioner being entitled, therefore, to have his removal reviewed, not only have we the right, but indeed it is our duty, to examine the evidence upon which the commissioner acted. (*People ex rel. Gilson* v. *Gibbons*, 231 N. Y. 171.)

The authorities cited by the city are not applicable. In *People ex rel. Kennedy* v. *Brady* (166 N. Y. 44), upon which great stress

is placed by the respondent, the court had under consideration an application by a civil service employee who had sued out a common-law writ of certiorari. Kennedy was a messenger in the department of buildings and did not come within the purview of section 537 of the charter. The opinion in that case pointed out that no statute or rule of law gave him the right to have the merits of his case reviewed. The position of Albano was entirely different. He was a member of the uniformed force of the sanitation department and consequently had " the right to sue out a writ of certiorari * * * for the purposes of reviewing the action of the commissioner." He has pursued the proper remedy.

The order of certiorari should be sustained, the determination annulled, with fifty dollars costs and disbursements, and the petitioner reinstated.

MARTIN, P. J., MERRELL, McAVOY and UNTERMYER, JJ., concur.

Order of certiorari sustained, determination of respondent annulled and the petitioner reinstated, with fifty dollars costs and disbursements to the petitioner.