In the Matter of JOSEPH ALBANO, Respondent, against THOMAS W. HAMMOND, as Commissioner of the Sanitation Department of the City of New York, Appellant.

(Argued May 20, 1935; decided June 4, 1935.)

*Paul Windels,* Corporation Counsel (*Seymour B. Quel* and *Paxton Blair* of counsel), for appellant. Since the charges against the petitioner were adequate on their face and the procedure prescribed by law for the removal of the petitioner was followed by the defendant, the Appellate Division was without power to review the sufficiency of the evidence or the severity of the punishment prescribed by the defendant. (*People ex rel. Kennedy* v. *Brady,* 166 N. Y. 44; *Matter of Brandt* v. *Cheshire,* 239 App. Div. 845; *Matter of Rosengarten* v. *Knapp,* 236 App. Div. 743; *People ex rel. Picceola* v. *Woodbury,* 144 App. Div. 188; *People ex rel.*

*Lahey* v. *Woodbury*, 112 App. Div. 79; *People ex rel. Holden* v. *Woodbury*, 88 App. Div. 593; 179 N. Y. 525; *People ex rel. Middleton* v. *McCartney*, 36 App. Div. 39; *People ex rel. Hayes* v. *Waldo*, 212 N. Y. 156.) Assuming that the sufficiency of the evidence at the departmental hearing on the charges against the petitioner is subject to judicial review, such evidence was sufficient in any event to justify the petitioner's removal. (*Matter of Hidden*, 243 N. Y. 499; *People ex rel. Regan* v. *Enright*, 240 N. Y. 194; *People ex rel. Morrissey* v. *Waldo*, 212 N. Y. 174.)

*Jay O. Kramer* and *Vincent A. Marsicano* for respondent. Section 537 of the New York City Charter (L. 1901, ch. 466) provides for a writ of certiorari on petitioner's dismissal. (*People ex rel. Holden* v. *Woodbury*, 88 App. Div. 593; 179 N. Y. 525.) Section 1304 of the Civil Practice Act provides specifically for the questions to be determined on certiorari. (*People ex rel. McAleer* v. *French*, 119 N. Y. 502; *People ex rel. Gilson* v. *Gibbons*, 231 N. Y. 171; *Matter of Mitchell* v. *Mulrooney*, 242 App. Div. 48; *Matter of Kelly* v. *Morgan*, 241 App. Div. 476; *Matter of Andes Co-Operative Dairy Co.* v. *Baldwin*, 238 App. Div. 726; 263 N. Y. 578.)

O'BRIEN, J. Petitioner was a driver in the sanitation department of the city of New York. Written charges were served upon him specifying neglect of duty, removing trade waste and failure to obey orders. He was tried, found guilty and dismissed from the force. On review by certiorari the Appellate Division annulled the determination and directed reinstatement.

Section 537 of the Greater New York Charter (Laws of 1901, ch. 466) vests the head of this department with power, " in his discretion, on evidence satisfactory to him," to dismiss a member of the uniformed force for neglect of duty, disobedience of orders, violation of rules and other offenses and confers upon the removed employee the

right to review the action of the commissioner by certiorari.

Under this section of the charter, the courts may inquire on certiorari into the questions whether the employee " has been informed of the cause of the proposed removal and has been allowed an opportunity of making an explanation " and whether " the true grounds thereof " have been entered upon the departmental records. No right to a trial or hearing is accorded, merely an opportunity to make an explanation. The courts are limited to an examination respecting compliance with the procedure directed by section 537 and to an inquiry whether the charges are substantial and are supported by *any* evidence which ought to satisfy a reasonable official who is vested with power of discretion. On matters of proof, we think, in view of the extensive discretionary power granted by section 537 of the charter, that the question of preponderance of evidence as contemplated by section 1304, subdivision 5, of the Civil Practice Act in respect to certiorari in general is not before the courts. Rather the review on the sufficiency of evidence must be limited to subdivision 4 of section 1304, whether there was *any* competent proof of the facts; in other words, whether the explanation offered by the person against whom the charges were preferred was so complete as necessarily to satisfy an official who is not ignorant, unfair or prejudiced. The rule, of course, is different where a statutory right to a trial is accorded as in *People ex rel. Gilson* v. *Gibbons* (231 N. Y. 171). The opportunity to explain which section 537 confers on members of the force is not a right to a trial but it must be a genuine opportunity and not a verbal sham. When there is evidence to support the charges and the removing officer is not shown to have acted in bad faith nor frivolously and the facts are not so strong as to impose an obligation on an honest and intelligent official to be convinced of the truth of the explanation, his judgment must prevail. Section 537 goes no further than this. There is evidence in this case

that petitioner did remove trade waste in violation of rules. The credibility of the explanation was a matter of valuation by the trier of the facts. We cannot hold as matter of law that he was bound to credit it.

The order of the Appellate Division should be reversed and the order of certiorari dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.