In the Matter of the Application of JOHN M. KELLY, Respondent, for a Mandamus Order against WILLIAM F. MORGAN, JR., as Commissioner of Public Markets of the City of New York, Appellant.

First Department, June 14, 1935.

*Arthur Bainbridge Hoff, Jr.*, of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*], for the appellant.

*Alfred J. Talley* of counsel [*Talley & Lamb*, attorneys], for the respondent.

TOWNLEY, J.  The petitioner, a chief supervisor of the department of public markets of the city of New York, was served in writing on February 14, 1934, with a charge of neglect of duty for failure to be present at any of the markets included within the district to which petitioner was assigned from nine A. M. to ten-forty-five A. M. on that date.  He was also charged with not notifying the department of his failure or inability to report for duty at that time.  There was a hearing and competent testimony was given that under the rules petitioner should have been on duty and that he had failed to give a reasonable excuse.  The commissioner then dismissed the petitioner from the service as guilty of the charges.

Thereafter, petitioner made a motion for a peremptory mandamus order reinstating him.  The Special Term granted an alternative mandamus order.  At the trial, as a result of this alternative order, the jury was allowed to pass on the sufficiency of the evidence before the commissioner as to the guilt or innocence of the petitioner and the good faith of the commissioner.  The jury found in favor of the  petitioner and a final peremptory order issued as a matter of course.

On a return to a petition, such as was presented in this proceeding showing proper notice and trial and no facts indicating " bad faith " within the meaning of that term as defined in *Matter of Dunphy* v. *Kingsbury* (173 App. Div. 49), it was held error to grant either a peremptory or an alternative mandamus order.  (*Matter of Rosengarten* v. *Knapp*, 236 App. Div. 743.)  The memorandum decision of the court in that case reads in part as follows: " If the statute has been complied with and charges of substance have been duly served and the employee afforded an opportunity to explain them, as was here the case, a jury may not be called upon to determine an

alleged issue of fact involving the sufficiency of the charges or the motives of the removing officer. (*Matter of Dunphy* v. *Kingsbury*, 173 App. Div. 49, 55, 56.) "

On the record as presented, there can be no doubt that the charge was substantial, that the commissioner was warranted in not giving credence to the attempted explanation and that there is no evidence of such bad faith as would warrant the interference of this court.

The Court of Appeals in *Matter of Albano* v. *Hammond* (268 N. Y. 104, decided June 4, 1935) had occasion to interpret the scope of review granted to this court by certiorari after there had been a trial and a disciplinary order under section 537 of the charter of the city of New York. The court said: " The opportunity to explain which section 537 confers on members of the force is not a right to a trial but it must be a genuine opportunity and not a verbal sham. When there is evidence to support the charges and the removing officer is not shown to have acted in bad faith nor frivolously and the facts are not so strong as to impose an obligation on an honest and intelligent official to be convinced of the truth of the explanation, his judgment must prevail. Section 537 goes no further than this."

The provisions of section 1543 of the charter, under which petitioner was removed, are, so far as they relate to a hearing before the commissioner, substantially the same as those found in section 537, above construed, and the same principles should be applied in a mandamus proceeding based upon them.

The orders should be reversed, with costs, and the petition dismissed.

MARTIN, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Orders reversed, with costs and disbursements, and petition dismissed.