In the Matter of the Examination of the Annual Inventory and Account of CHARLES HECHT, Committee of the Estate of WALTER SAVAGE, an Incompetent Person. UNITED STATES VETERANS' ADMINISTRATION, Appellant; COMPTROLLER OF THE CITY OF NEW YORK and CHARLES HECHT, Committee, etc., of WALTER SAVAGE, an Incompetent Person, Respondents.— Appeal from an order denying the motion of the United States Veterans' Administration to vacate a resettled order directing that the fee of the referee who examined the accounts of the committee of the incompetent veteran be paid by the estate. The Veterans' Administration contends that the estate amounts to less than $5,000 and that the referee's fee should be paid by the city of New York. Order affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

In the Matter of the Application of CHARLES H. STOWELL, Petitioner, against Trustees SANTORO, MEIGHAN, CORRIGAN, JACKSON, and Mayor JOHNSON, Constituting the Board of Trustees of the Village of Mamaroneck, and F. H. BULL, JR., Village Clerk, Respondents, for a Review of a Determination of Said Board of Trustees in a Hearing Entitled: In the Matter of Disciplinary Proceedings against CHARLES H. STOWELL, Police Chief of the Village of Mamaroneck, New York.— Proceeding under article 78 of the Civil Practice Act, for a review of the determination of the board of trustees of the village of Mamaroneck in dismissing the petitioner from the office of police chief after a hearing on stated charges. Determination confirmed and proceeding dismissed on the merits, without costs. In reaching this determination the bribery charge has not been considered. There is ample evidence in the record to sustain the other charges. Davis, Johnston, Adel and Close, JJ., concur; Lazansky, P. J., dissents. The first charge had been disposed of effectively on a previous trial. The second charge should be remitted to the trustees for retrial. (*People ex rel. Gilson* v. *Gibbons*, 231 N. Y. 171.)

ANNA KAPLAN and HYMAN KAPLAN, Appellants, v. NEW YORK RAPID TRANSIT CORP., Respondent.— In an action brought by the plaintiff-wife to recover for personal injuries, and by the plaintiff-husband for loss of services and medical expenses, alleged to have resulted from a fall sustained by the wife through the overcrowding of a ramp leading from the defendant's station, judgment dismissing the complaint unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Davis, Johnston, Adel and Close, JJ.