In the Matter of the Application of LEONARD J. SMITH, Petitioner, for an Order against LEWIS J. VALENTINE, as Police Commissioner of the City of New York, Respondent.

First Department, June 16, 1939.

*Sydney Rosenthal* of counsel [*David T. Smith* with him on the brief], for the petitioner.

*Charles C. Weinstein* of counsel [*William C. Chanler, Corporation Counsel,* attorney], for the respondent.

PER CURIAM.  Nine charges of misconduct were preferred against the petitioner.  The police commissioner found him guilty of the first, second, third, fourth and ninth, and has dismissed him from the police department.

The evidence was sufficient to sustain the finding that petitioner was guilty of the first and fourth, which charged him with violating rule 204 of the department rules and regulations in recommending the employment of an attorney named Sanders.  The evidence was not sufficient to sustain the finding that the petitioner was guilty of charges two, three and nine, which were predicated on a violation of rule 222 of the department rules and regulations prohibiting a member of the department from accepting an award or present for police services without the consent of the commissioner, which consent shall be granted only on occasions of extraordinary or meritorious police services.

The sum of three dollars received by the petitioner from Attorney Sanders on three separate occasions was not for police service.  The

petitioner asserted that two gifts were in the nature of Christmas presents from Mr. Sanders to the petitioner's children and the third was a gift to petitioner's wife while she was in the hospital. The respondent claims that the payments were made in consideration of petitioner having recommended clients to Mr. Sanders.

The evidence did not bring the case within the provisions of department rules 316 and 317, which provide generally that disciplinary action may be meted out to one guilty of conduct unbecoming an officer or of an act prejudicial to good order, efficiency and discipline. The evidence also failed to establish that the petitioner was at any time a witness in any case in which the attorney Sanders appeared.

We are of the opinion that on the authority of *People ex rel. Gilson* v. *Gibbons* (231 N. Y. 171, 174) the case should be remanded for resentence. Only two of the nine charges have been finally sustained. It may be that the commissioner, on further reflection, will in the exercise of his discretion under department rule 316 reach the conclusion that punishment less than expulsion from the force will be sufficient.

It follows, therefore, that the determination should be annulled, and the matter remitted to the respondent for the purposes herein indicated.

MARTIN, P. J., GLENNON and UNTERMYER, JJ., concur; O'MALLEY and COHN, JJ., dissent and vote to affirm on the authority of *Matter of Roge* v. *Valentine* (280 N. Y. 268).

Determination annulled and matter remitted to the respondent for the purposes indicated in the opinion. Settle order on notice.