In the Matter of the Application of IRVING W. SCHEIBER, Petitioner, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act, against WILLIAM HODSON, as Commissioner of the Department of Welfare of the City of New York, Respondent, Annulling the Determination of the Respondent in Dismissing Petitioner from His Position of Social Investigator in the Department of Welfare of the City of New York, and Directing that Petitioner Be Forthwith Reinstated.

First Department, May 31, 1940.

*Irving L. Weishar*, for the appellant.

*Stanley Buchsbaum* of counsel [*George G. Gallantz* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

GLENNON, J. The petitioner, having passed a civil service examination, was appointed to the position of social investigator in the department of welfare of the city of New York on March 17, 1938. After his probationary period of three months he was accepted as a permanent employee. He was served on January 5, 1939, with charges in writing which in substance are as follows: (1) Violation of the departmental and city regulation forbidding employees of the department of welfare to engage in outside employment; (2) insubordination in refusing to relinquish his field book when informed that he had been suspended; (3) unsatisfactory work " particularly with respect to the excitable and argumentative manner in which you have been accustomed to conduct yourself; your predisposition not to accept criticism; your need for close supervision because of your refusal or inability to follow suggestions

made by your supervisors and, in general, the poor quality of your work." Shortly thereafter the petitioner served his answer to the charges. Later, on January 17, 1939, he was dismissed from the department.

Since the commissioner has found that the petitioner was guilty of insubordination and, in addition thereto, that his work was unsatisfactory for the reasons assigned, the dismissal of the petitioner was justified. There is no evidence here of bad faith on the part of the commissioner. There was a full compliance with the provisions of subdivision 2 of section 22 of the Civil Service Law. (See *Matter of Albano* v. *Hammond,* 268 N. Y. 104; *Matter of Kelly* v. *Morgan,* 245 App. Div. 59; affd., 272 N. Y. 666.)

While the commissioner in the exercise of his zeal " to further protect the rights of employees " of his department has instituted a system of hearings presided over by a division of staff relations and also an appeals board and this petitioner availed himself of the rights conferred, still it must be remembered that the opinion which each body renders is simply advisory in nature and is not binding on the commissioner. It so happened in this case that both the division of staff relations and the appeals board had recommended that the petitioner's dismissal should stand unchanged. The division of staff relations, consisting of employees of the department, sustained all the charges resulting in the dismissal, whereas the appeals board, which is made up of persons outside the department, in an opinion recommended that charges numbered (2) and (3) were insufficient but approved the dismissal upon the ground that petitioner was guilty of a violation of the regulation pertaining to outside employment.

We do not deem it necessary to discuss the point that the dismissal was based in part upon the charge that the petitioner was engaged in outside employment after office hours since there was proof to sustain the general charge of unsatisfactory work

Under the circumstances the order must be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements.