In the Matter of JOSEPH P. JENNINGS, Petitioner, against WILLIAM WILSON, as Commissioner of the Department of Housing and Buildings of the City of New York et al., Respondents.

Supreme Court, Special Term, Queens County, November 23, 1942.

*Richard J. Barry* for petitioner.

*William C. Chanler, Corporation Counsel,* for respondent.

KADIEN, J. Application pursuant to article 78 of the Civil Practice Act for an order directing petitioner's reinstatement to the position as Plumbing Inspector in the Department of Housing and Buildings of the city of New York and the payment of salary from the date of his suspension.

Petitioner was notified in writing by the respondent, Commissioner of the Department of Housing and Buildings of the city of New York, of his suspension, effective as of the beginning of business on Monday, March 9, 1942. On the 20th of March, 1942, he was served with a notice that he had been charged, as set forth in annexed particulars and specifications, with having accepted certain gratuities while a plumbing inspector of Queens county; that he should give his written answer and explanation and appear in person at the office of the Commissioner on the 23rd day of March, 1942, at 11:00 A. M., and that if he is an honorably discharged war veteran or a volunteer fireman within the meaning of section 22, subdivision 1, of the Civil Service Law (Cons. Laws, ch. 7), competent documentary proof of such status should be furnished, in which event he will be entitled to a hearing with respect to the charges, at which he may be represented by counsel.

At the appointed time set for his appearance, petitioner served a written verified answer to the aforesaid charges, consisting of a general denial of each and every specification of charges made against him. He appeared with his attorney and, upon his testifying that he was not an honorably discharged war veteran or volunteer fireman within the meaning of section 22, subdivision 1, of the Civil Service Law, the Commissioner stated (with exception by petitioner's attorney): " Then, in accordance with the Civil Service Law, I make the announcement that no attorney is necessary or will be present at the trial of Mr. Jennings."

Petitioner was then orally examined and the sworn testimony given by five witnesses before the Commissioner of Investigation was read to him. He was questioned with respect to this testimony and denied all charges. He was asked if he had any statement he would like to make, and he answered by requesting that he be represented by counsel and confronted by witnesses. Both

requests were denied. The Commissioner closed the hearing and reserved decision, giving the petitioner an additional forty-eight hours in which to submit any additional answer. No additional answer was submitted and no other requests made until April 6, 1942, when petitioner asked and was allowed to submit affidavits of good character. Four such affidavits were submitted. Thereafter, by a letter dated April 8, 1942, the Commissioner notified petitioner of his decision, to wit: " I have carefully considered the charges and specifications, all the evidence in the case and your answer and explanation. I have come to the conclusion that your explanation is not sufficient and accordingly, I find you guilty on all specifications except item #10, and order you dismissed from your position as an Inspector of Plumbing in this department."

Petitioner challenges the Commissioner's action upon two general grounds: (1) That he lacked jurisdiction to file and hear the charges against him and to make the determination dismissing him from his position, and (2) that he has been deprived of his position contrary to the due process clause of the New York State Constitution. (Art. 1, § 6.)

(1) With respect to the first ground, petitioner argues that Commissioner Wilson's term of office expired with the expiration of Mayor LaGuardia's second term, on December 31, 1941; that it was incumbent upon the Mayor, upon assuming his third term of office on January 1, 1942, formally to reappoint the Commissioner and that, in the absence of such reappointment, the office of Commissioner of the Department of Housing and Buildings of the city of New York must be deemed vacant.

I cannot agree with this contention. In the first place, section 5 of the Public Officers Law (Cons. Laws, ch. 47) provides that: " Every officer except a judicial officer, a notary public, a commissioner of deeds and an officer whose term is fixed by the constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor. An officer so holding over for one or more entire terms, shall, for the purpose of choosing his successor, be regarded as having been newly chosen for such terms. An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only."

Under this section alone, therefore, Commissioner Wilson, as a holdover, had full authority to act. However, he had not been appointed for a definite term. Subdivision b of section 4 of the New York City Charter (1938) provides, in part: "No public officer shall hold his office for any specific term, except as otherwise provided by law."

Commissioner Wilson's appointment for an indefinite period did not automatically terminate with the expiration of Mayor LaGuardia's second term. Inasmuch as he held office at the pleasure of the appointing power (New York City Charter, § 4, subd. a; § 641), he continued in such office until his death, resignation, or removal. No formal reappointment was necessary. (See *State ex rel. Tamminen* v. *City of Eveleth,* 189 Minn. 229 [1933]; Throop on Public Officers, § 304; cf. *O'Neil* v. *Mansfield,* 47 Misc. 516, 518.)

(2) Petitioner's second ground is predicated upon the claim that he had been deprived of a fair and impartial hearing in that he was not permitted to be represented by counsel or to be confronted by the complaining witnesses whose testimony was uncorroborated.

Since the petitioner is neither a war veteran nor a volunteer fireman, subdivision 2 of section 22 of the Civil Service Law (amd. L. 1941, ch. 853, effective Oct. 1, 1941) alone governs the manner of his removal. So far as applicable here, said subdivision provides as follows: "No officer or employee holding a position in the competitive class of the civil service of the state, or any civil division or city thereof, shall be removed except for incompetency or misconduct. The person whose removal is sought shall have [1] written notice of such proposed removal and of the reasons therefor, and [2] shall be furnished with a copy of any charges preferred against him, and [3] shall be allowed a reasonable time for answering the same in writing." (Numbers mine.)

There is then provided the penalty or punishment if the officer or employee is found guilty, and the procedure in the event of his acquittal.

It is to be noted that no provision is here made (as in subdivision 1) for a hearing or trial or for the review thereof by certiorari. (Civ. Prac. Act, art. 78.) It is clear, therefore, that as to civil service employees other than veterans or volunteer firemen, the Legislature intended a quick method of removal if found guilty of incompetency or misconduct, without a trial or aid of counsel or confrontation of witnessses. It is not within the province of this court, regardless of its personal inclinations

or private notions of justice, to read into the statute any procedure other than has been there clearly expressed. The remedy lies with the Legislature.

Upon the record before me, I find that the petitioner was given all the rights afforded by the statute. He was charged with misconduct in the performance of his duties, namely, with having accepted gratuities in connection with his official inspections; he received notice, in writing, of his proposed removal, also the charges, in which the exact times and places when the gratuities were given, the amount in each case, and the name of the donor were set forth in detail; he was informed in the notice as to his right to submit an answer in writing, and was given three days to present such an answer, with an additional two days to supplement it; he had been allowed to read all the relevant testimony submitted against him and to make an oral explanation before the Commissioner. He was, moreover, subsequently allowed to submit affidavits of good character.

Upon such a record the Commissioner found him guilty, and there is no basis upon which this determination can be disturbed by this court. It is well settled that courts will not interfere with the exercise of discretion on the part of the removing authority where the procedure outlined in subdivision 2 of section 22 of the Civil Service Law has been followed. (*People ex rel. Keech* v. *Thompson,* 94 N. Y. 451; *People ex rel. Kennedy* v. *Brady,* 166 N. Y. 44; *Matter of McGuire* v. *Municipal Civil Service Commission,* 157 App. Div. 351; affd., 209 N. Y. 597; *Matter of Dunphy* v. *Kingsbury,* 173 App. Div. 49; *Matter of Traendly* (*Forbes*), New York Law Journal, April 11, 1939, p. 1648, McLaughlin, J.; affd., without opinion 258 App. Div. 717.)

See also *Matter of Model* v. *Wilson,* (New York Law Journal, Aug. 7, 1942, p. 294, Bernstein, J.), *McLaren* v. *Department of Housing and Buildings* and *O'Brien* v. *Department of Housing and Buildings* (New York Law Journal, Sept. 26, 1942, p. 765, Smith, J.), *Matter of Hannon* (*Wilson*), (New York Law Journal, Nov. 12, 1942, p. 1424, Collins, J.), *Matter of Plunkett* v. *Wilson* (179 Misc. 149), where the removals of other plumbing inspectors were passed upon, the same being predicated upon evidence and procedure similar to that presented here.

The application is accordingly in all respects denied. **Submit order.**