THOMAS D. NOLAN, JR., ESQ. Village Attorney, Schuylerville
We acknowledge receipt of your letter inquiring whether a village clerk holds over in office after the expiration of the term if a new appointment to that office has not been made.
Under Village Law § 4-400, subdivision 1, paragraph c it is the responsibility of the mayor to appoint a new village clerk upon the expiration of the term of an incumbent and such appointment is subject to the approval of the village board of trustees. If the village board of trustees does not approve of the appointment, then the office is vacant for the purpose of selecting a successor but the former incumbent continues and holds over in office pursuant to the provisions of Public Officers Law § 5. (See enclosed copies of informal opinions of this office reported in 1963 Op. Atty. Gen. 79; 1966 Op. Atty. Gen. 112; and 1974 Op. Atty. Gen. 120. The 1963 opinion related to a public works commissioner in a city but the city charter had similar provisions in relation to appointment of non-elective officers as those which appear in Village Law § 4-400, subdivision 1, paragraph c and so is relevant to your situation.)
In our opinion, when the office of village clerk becomes vacant because of expiration of the term, the appointment of a successor is made by the mayor with the approval of the board of trustees and in the event the trustees do not approve of the appointment, the office continues to be vacant; the former incumbent holds over until a new appointment is made and a hold-over officer has full authority to act (Williamson v.Fermoile, 31 A.D.2d 438 [1969]; Jennings v. Wilson, 179 Misc. 358 [1942] and is entitled to the salary of the office.